

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2002

# USA v. Rendon

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2374

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Rendon" (2002). *2002 Decisions.* Paper 470.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/470

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-2374



UNITED STATES OF AMERICA

v.

SERGIO LEON RIOS RENDON

Sergio Rios R.,

Appellant



ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 99-cr-226-2)
District Court Judge:  Curtis J. Joyner



Submitted Under Third Circuit LAR 34.1(a)
May 24, 2002

Before: ALITO, MCKEE, and WALLACE, Circuit Judges.

(Opinion Filed:                          )



OPINION OF THE COURT



PER CURIAM:
        Because the parties are familiar with the background of this appeal, it will
not be set out.
        The first issue presented for review is whether the joint representation of
Rios-Rendon and a co-conspirator prior to sentencing created a conflict of interest that
required the District Court to conduct a colloquy under Fed. R. Crim. P. 44(c).  Rule
44(c) provides in relevant part that "[w]henever two or more defendants have been
jointly charged . . . and are represented by the same retained or assigned counsel . . .  the
court shall promptly inquire with respect to such joint representation and shall personally
advise each defendant of the right to the effective assistance of counsel, including
separate representation."  The record is unclear as to the stage of the proceedings during
which defense counsel represented both defendants; however, each defendant was

represented by separate counsel at sentencing.

To obtain relief under Rule 44(c), the defendant "must point to an actual conflict of interest which adversely affected his attorney's performance." United States v. Pungitore, 910 F.2d 1084, 1141 (3d Cir. 1990) (citing Burger v. Kemp, 483 U.S. 776, 783 (1987)). In order to establish an actual conflict of interest, the defendant first must "demonstrate that some plausible alternative defense strategy or tactic might have been pursued." Duncan v. Morton, 256 F.3d 189, 197 (3d Cir. 2001) (quoting United States v. Morelli, 169 F.3d 798, 810 (3d Cir. 1999)). This defense need not be successful, but it must possess sufficient substance to be a viable alternative. Id. Second, a defendant must "establish that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." Id. Here, the defendant alleges that his attorney failed to argue vigorously that he played a minor role in the conspiracy and therefore should receive a lesser sentence than his co-defendant. The record demonstrates the contrary. Defense counsel's cross examinations and arguments were directly aimed at establishing that the defendant was less culpable than his co-conspirators. Because the defendant has failed to present the Court with a plausible alternative defense strategy that counsel failed to advance, this argument fails.

The second issue presented for review is whether the District Court clearly erred in its determination of the amount of distributed cocaine attributable to the defendant for the purpose of determining the applicable range under the Sentencing Guidelines. The defendant specifically argues that (1) the presented evidence was not reliable; (2) it included alleged conduct beyond the offense of the conviction that arose in distinct and separate conspiracies; and (3) he did not have the ability to deliver the amount of cocaine that Martinez, a confidential informant, requested.

The government presented testimony and the District Court found that the defendant and his co-conspirators distributed in excess of 800 kilograms of cocaine. We review a district court's "finding of fact supporting an upward adjustment to a sentencing level for clear error." United States v. Bethancourt, 65 F.3d 1074, 1080 (3d Cir. 1995). A confidential informant testified that he received "800 kilograms of cocaine to a thousand" from members of the conspiracy. Appendix at 216. He also testified that he was to receive 200 kilograms of a 400 kilogram shipment seized by the government. Id. at 231. A co-conspirator testified that he supplied 170 kilograms of cocaine to the defendant for distribution to the confidential informant. Id. at 299. This testimony was corroborated by numerous recorded telephone calls between the defendant, the confidential informant, and a co-conspirator. The determination of "the credibility of witnesses is uniquely within the province of the trial court and this court will not review this determination." United States v. Bethancourt, 65 F.3d 1074, 1081 n. 4 (3d Cir. 1995) (citing Government of Virgin Islands v. Gereau, 502 F.2d 914, 921 (3d Cir. 1974)). The evidence presented by the government supports the District Court's conclusion that the defendant distributed 800 kilograms of cocaine, and accordingly, we find no error.

The defendant argues that his distribution of cocaine to the confidential informant prior to March of 1999 is not conduct relevant to the charged offense. We review this argument for plain error, as it was not raised below. Fed. R. Crim. P. 52(b).

Relevant conduct includes not only all controlled substances involved "'during the commission of the offense of conviction,' but also those substances involved as 'part of the same course of conduct or common scheme or plan as the offense of conviction.'" United States v. Boone, 279 F.3d 163, 178 (3d Cir. 2002) (quoting U.S.S.G. 1B1.3(a)(2)). The Sentencing Guidelines provide that "[t]ypes and quantities of drugs not specified in the count of conviction may be considered in determining the offense level." U.S.S.G. 2D1.1 n.12; see also United States v. Boone, 279 F.3d 163, 178 (3d Cir. 2002). As the same type of illegal narcotics was involved in the previous sales, as well as the same parties and distribution methods, we hold the District Court did not commit plain error.

Given the District Court's finding that the defendant distributed hundreds of kilograms of cocaine to the confidential informant by March of 1999, defendant's argument that he was not capable of delivering the amounts of cocaine found by the District Court must also fail.

The third issue presented for review is whether the District Court should have reduced defendant's offense-level under the safety-valve provision of the

Sentencing Guidelines, U.S.S.G.  5C1.2.  The safety-valve provision allows a two-level reduction from the offense level if the defendant meets five specified requirements, including the requirement that, no later than at the time of the sentencing hearing, the defendant must have "truthfully provided to the government all information and evidence the defendant has concerning the offense . . . that [was] part of the same course of conduct or . . . common scheme or plan."  The District Court denied the defendant's request for a safety-valve reduction because "he was never completely truthful and straightforward in admitting the totality of his involvement in the quantity of drugs in this conspiracy."  Appendix at 367.  We can reject this finding only if we find it was clearly erroneous.  See United States v. Sabir, 117 F.3d 750, 751 (3d Cir. 1997).

The record establishes that the defendant was responsible for the distribution of approximately 800 kilograms of cocaine.  The defendant maintained through sentencing that he was responsible for distributing only five kilograms of cocaine.  Because the defendant minimized his role and failed to give a full, forthright account of his involvement in the conspiracy, the District Court did not err in finding the safety-valve provision inapplicable.  See id. at 754.

The fourth issue is whether the District Court erred in declining to apply the minor-role offense-level reduction under U.S.S.G.  3B1.2.  A defendant is entitled to a minor-role offense-level reduction if he is "less culpable than most other participants, but [his] role could not be described as minimal."  U.S.S.G.  3B1.2 n.5.  The District Court found that the defendant was an equal partner with his co-conspirators.  Our review is for clear error.  See United States v. Brown, 250 F.3d 811, 818 (3d Cir. 2001).

The evidence shows that the defendant supplied large amounts of cocaine to a confidential informant by March of 1999 and negotiated additional sales in government-recorded telephone calls.  Presented with this evidence, the District Court did not clearly err in denying a minor-role adjustment.

The fifth issue is whether the defendant should be allowed to withdraw his guilty plea because he entered his plea prior to the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).  The defendant argues that he would have negotiated his plea bargain differently if he had had the benefit of Apprendi and that therefore his plea was not knowing and intelligent.  The District Court engaged in a lengthy plea colloquy with the defendant and explained the applicable mandatory sentence range.  Appendix at 59-60.  The defendant stated that he understood this explanation prior to entering his guilty plea.  Id. at 60.  A guilty plea "entered by one fully aware of the direct consequences . . . must stand"; therefore, this argument fails.  Mabry v. Johnson, 467 U.S. 504, 509 (1984).

The sixth issue is whether Apprendi rendered the statutory scheme of 21 U.S.C.  841 unconstitutional.  This issue is directly foreclosed by United States v. Vazquez, 271 F.3d 93, 98 (3d. Cir. 2001) (en banc).  See also United States v. Williams, 235 F.3d 858, 863 (3d Cir. 2000).  In Vazquez, we held that an Apprendi violation only occurs where the drug quantity is not found beyond a reasonable doubt and the sentence exceeds the maximum sentence allowed under 18 U.S.C.  841.  Vazquez, 271 F.3d at 98.  As the District Court sentenced the defendant below the statutory maximum prison term, we find no Apprendi violation.

Accordingly, the defendant's conviction and sentence are affirmed.