CLD-086                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3561
_____

UNITED STATES OF AMERICA

v.

SERGIO LEON RIOS RENDON,
                              Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 99-cr-00226-002)
District Judge:  Honorable J. Curtis Joyner
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 13, 2011

Before: RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed :January 26, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Sergio Leon Rios Rendon, a federal prisoner proceeding pro se, appeals from the

United States District Court for the Eastern District of Pennsylvania's order dismissing

his motion for a reduction in sentence.  Because his appeal presents no substantial

question, we will summarily affirm the district court's order.  *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## I.

In May 2001, Rios Rendon was sentenced to 210 months in prison after pleading guilty to conspiring to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846.  The district court denied Rios Rendon's request for a minor-role offense level reduction under United States Sentencing Guideline § 3B1.2, and a reduction under the safety-valve provision under Sentencing Guideline § 5C1.2.  The district court determined, and this Court later affirmed, that Rios Rendon was not eligible for such adjustments because the record established that he was responsible for the distribution of approximately 800 kilograms of cocaine and that he "failed to give a full, forthright account of his involvement in the conspiracy."  *United States v. Rendon*, 41 F. App'x 527, 530 (3d Cir. 2002).  The Sentencing Guideline range for his sentence was 188-to-210 months in prison, and the statutory maximum was forty years in prison.

In  2010, Rios Rendon filed in the district court a motion for sentencing relief under 18 U.S.C. § 3582(c), arguing that:  (1) Amendment 591 to the Sentencing Guidelines invalidated the process by which the district court calculated his sentence and, accordingly, requires that he be resentenced; and (2) Amendment 503 to the Sentencing Guidelines, which provides that a defendant is not responsible for conduct of other co-conspirators prior to his joining the conspiracy, requires that he be resentenced.  The district court denied Rios Rendon's motion as frivolous.  He now appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's interpretation of the Sentencing Guidelines, including amendments, de novo. *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009). A court's ultimate decision whether to grant or deny a defendant's motion under 18 U.S.C. § 3582(c)(2) is reviewed for abuse of discretion. *Id.* We may affirm on any ground supported by the record. *Kabakjian v. United States*, 267 F.3d 208, 213 (3d Cir. 2001).

Under 18 U.S.C. § 3582(c)(2), a court may reduce an imposed sentence based on a *subsequent* amendment to the Sentencing Guidelines, if the amendment is named in the policy statement, § 1B1.10. *See United States v. McBride*, 283 F.3d 612, 614 (3d Cir. 2002). Rios Rendon seeks relief pursuant to Amendments 591 and 503 to the Sentencing Guidelines. Amendment 591 became effective on November 1, 2000, and Amendment 503 became effective on November 1, 1994. U.S.S.G. App. C, Amend. 503 (effective Nov. 1, 1994); U.S.S.G. App. C, Amend. 591 (effective Nov. 1, 2000). Rios Rendon was sentenced in May 2001. Accordingly, because both amendments were already in effect when Rios Rendon was sentenced, neither supports a motion under 18 U.S.C. § 3582(c).

For these reasons, we conclude that this appeal presents "no substantial question," 3d Cir. I.O.P. 10.6, and we will therefore summarily affirm the district court's judgment.

3