

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2002

# USA v. Roldan-Hernandez

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2368

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Roldan-Hernandez" (2002). *2002 Decisions.* Paper 471.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/471

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-2368



UNITED STATES OF AMERICA

v.

ADOLFO LEON ROLDAN-HERNANDEZ


Adolfo Roldan-Hernandez,
                    Appellant



ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 99-cr-226)
District Court Judge:  Curtis J. Joyner



Submitted Under Third Circuit LAR 34.1(a)
May 24, 2002

Before: ALITO, MCKEE, and WALLACE, Circuit Judges.

(Opinion Filed: July 26, 2002)



OPINION OF THE COURT



PER CURIAM:
        Because the parties are familiar with the background of this appeal, it will
not be set out.
        The first issue presented for review is whether the District Court violated
Apprendi v. New Jersey, 530 U.S. 466 (2000).  The defendant acknowledged in his plea
agreement that he distributed five kilograms or more of cocaine.  This agreement resulted
in a statutory minimum sentence of 10 years of imprisonment and a maximum of life
imprisonment.  This Court holds that an Apprendi issue does not arise unless a
defendant's sentence exceeds the statutory maximum sentence.  See United States v.
Vazquez, 271 F.3d 93, 98 (3d Cir. 2001) (en banc); see also United States v. Cotton, 70
U.S.L.W. 4429 (2001) ("omission of drug quantity from the indictment" does not
"seriously affect the fairness, integrity, or public reputation of judicial proceedings").

The District Court sentenced the defendant to 210 months of imprisonment, well within the statutory sentence range. Therefore, this argument must fail.

The second issue is whether the District Court improperly denied the defendant an offense-level reduction under the safety-valve provision of the Sentencing Guidelines, U.S.S.G. 5C1.2. The safety-valve provision allows a two-level reduction from the applicable offense level if the defendant meets five specified requirements, one of which is that, no later than at the time of sentencing, the defendant must have "truthfully provided to the government all information and evidence [that he] has concerning the offense . . . that [was] part of the same course of conduct or . . . common scheme or plan." The District Court denied the defendant's request for a safety-valve reduction because he "was not forthcoming and truthful in his totality of involvement in the conspiracy to distribute cocaine." Appendix at 386. We can reject this finding only if we find it was clearly erroneous. See United States v. Sabir, 117 F.3d 750, 751 (3d Cir. 1997).

The record establishes that the defendant was responsible for the distribution of approximately 800 kilograms of cocaine, but the defendant maintained through the time of sentencing that he was responsible for distributing only five kilograms of cocaine. He thus failed to give a full, forthright account of his involvement in the conspiracy. Under these circumstances, the District Court did not err in finding the safety-valve provision inapplicable. See id. at 754.

The third issue presented for review is whether the District Court should have departed downward from the Sentencing Guidelines under U.S.S.G. 5k2.12. The defendant argued at sentencing that he committed the crimes under duress and coercion from violent Colombian gangs. The District Court heard arguments from both sides on the coercion and duress claims and found an insufficient basis to support a departure on either claim. Appendix at 389-90. We lack jurisdiction to review a district court's discretionary refusal to depart from the applicable guideline range where the court recognized its authority to depart downward but declined to do so in the exercise of its discretion. See, e.g., United States v. Georgiadis, 933 F.2d 1219, 1222 (3d Cir. 1991). Therefore, we lack jurisdiction over this argument.

The fourth issue is whether the defendant knowingly and intelligently pled guilty to the crime for which he was sentenced. He argues that he was not informed and could not have known that drug type and quantity was an element of the offense. A defendant must enter into a guilty plea knowingly and voluntarily. See Boykin v. Alabama, 395 U.S. 238, 243 (1969). The defendant pled guilty to "conspiracy to distribute more than five kilograms of cocaine," in violation of 21 U.S.C. 846. Supplemental Appendix at 23. The District Court ensured that the defendant received a copy of the indictment and discussed it with his attorney. Id. at 4. The District Court reviewed the essential terms of the plea agreement with the defendant and inquired whether he understood those terms. The defendant told the Court that he did. Id. at 8. The Court then informed the defendant that the applicable statutory sentence range was a minimum of ten years of imprisonment and a maximum of life imprisonment, and the Court emphasized that it could not determine the applicable Sentencing Guideline's range until the completion of the presentence report. Id. at 9-11. The District Court then went on to review the rights that the defendant would be waiving by pleading guilty. The record of the Rule 11 plea colloquy demonstrates that the defendant had an adequate understanding of the charges to which he pled guilty. Because the defendant was sentenced below the maximum sentence, he cannot argue that his plea was not knowing and voluntary.

The fifth issue presented for review is whether the defendant received effective assistance of counsel. Absent a narrow set of circumstances and a sufficient record, "ineffective assistance of counsel claims are not generally entertained on direct appeal." United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991). Because a factual basis for this claim has not been fully developed, the proper avenue for pursuing this claim is in a collateral proceeding in the District Court. Id.

We have considered all the arguments advanced in the brief submitted by the defendant's attorney, as well as those contained in the defendant's pro se brief, and we find no basis for reversal.

Accordingly, the defendant's conviction and sentence are affirmed.