UNITED STATES of America,

v.

Julio MONCADO–POLOMO, Appellant.

No. 02–1411.

United States Court of Appeals,
Third Circuit.

Argued Nov. 8, 2002.

Decided Dec. 4, 2002.

Stephen A. Brusch, [Argued], Charlotte Amalie, St. Thomas, USVI, for Appellant.

Anthony J. Jenkins, [Argued], Office of the U.S. Attorney, United States Courthouse, Charlotte Amalie, St. Thomas, USVI, for Appellee.

Before SCIRICA, ALITO and RENDELL, Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

This appeal arises out of a drug conspiracy to which three people pled guilty, including Appellant Moncado–Polomo. Moncado–Polomo appeals the District Court's failure to adjust his sentence downward pursuant to the "safety valve,"

18 U.S.C. § 3553(f) (2002), and U.S.S.G. § 2D1.1, Application Note 14 (2002). The District Court found that Moncado–Polomo did not meet the "safety valve" prong (5) in that he was not entirely forthcoming with the government, and that he did not meet Application Note 14 because he did not have a minor role in the offense. Because the District Court's findings were not clearly erroneous, we will affirm.

In September 2000, Special Agent Hilary Hodge of the United States Customs Service observed a boat departing St. Thomas, Virgin Islands with two people on board, later identified as Aguendo deJesus-Sanchez and Miguel Angel Montero-Baez. Law enforcement agents aboard a U.S. Customs aircraft later saw Moncado–Polomo and the other two people in the boat throwing bales of cocaine overboard. Moncado–Polomo also threw other items from a bag overboard. At the time of his arrest, he had several telephone numbers, a calling card, and a satellite telephone in his possession. Moncado–Polomo was indicted for conspiracy to possess with intent to distribute and intent to distribute more than five kilograms of cocaine. Moncado–Polomo pled guilty to the conspiracy charge, and was sentenced to 210 months imprisonment, and a term of five years supervised release, and ordered to pay a $100 special assessment.

The District Court of the Virgin Islands had jurisdiction pursuant to 18 U.S.C. § 3241 (2002), and we exercise jurisdiction over the District Court's final order pursuant to 28 U.S.C. § 1291 (2002). We review the District Court's findings of fact for clear error. *United States v. Isaza–Zapata*, 148 F.3d 236, 238 (3d Cir.1998) (reviewing district court's finding of minor role for clear error); *United States v. Sabir*, 117 F.3d 750, 751 (3d Cir.1997) (reviewing district court's finding of truthfulness under the safety valve for clear error).

■ We find no error here. The "safety valve" provision, 18 U.S.C. § 2553(f), enables a sentencing judge to depart downward if he or she finds that the defendant meets five criteria. The District Court found that Moncado–Polomo did not meet prong (5), requiring a defendant to truthfully provide to the government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. § 2553(f)(5). The Court heard the testimony of Special Agent Hodge and found that Moncado–Polomo had not been truthful because he failed to account for documents in his possession, provide any information about the people on the boat from which he and the drugs came, and did not provide any details about the objects he threw overboard. Contrary to Moncado–Polomo's contention, the government's witness and the Court clearly identified why they found the defendant had not been completely forthcoming. *See United States v. Miranda–Santiago*, 96 F.3d 517, 529–30 (1st Cir.1996) (requiring more than simple conclusory statements by the government that they did not believe the defendant). The District Court's findings are not clearly erroneous.

■ Nor did the District Court err in finding that Moncado–Polomo did not merit a mitigating role adjustment. United States Sentencing Guideline § 2D1.1, Application Note 14, allows for downward departures in sentences for drug crimes if the defendant qualifies for a mitigating role adjustment under U.S.S.G. § 3B1.2 (2002). Section 3B1.2 applies to minimal participants and minor participants. The District Court heard the testimony of Special Agent Hodge and found that Moncado–Polomo's role was not minimal or minor because he joined the other defendants from another boat and brought the drugs

with him, and because he had a closer connection to the supplier of the drugs than did his co-conspirators. The District Court did not err in finding that Moncado–Polomo was not simply a courier or mule.

For the foregoing reasons, we will affirm the order of the District Court.