

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-22-2006

# USA v. Sanchez

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2242

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Sanchez" (2006). 2006 Decisions. Paper 856.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/856

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2242

UNITED STATES OF AMERICA

v.

EDGAR SANCHEZ
a/k/a Gordo

Edgar Sanchez,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 02-cr-0821-1
(Honorable Legrome D. Davis)

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 18, 2006

Before: SCIRICA, *Chief Judge*, McKEE and STAPLETON, *Circuit Judges*

(Filed: June 22, 2006)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Edgar Sanchez appeals his criminal sentence. We have jurisdiction under 18 U.S.C. § 3742(a). We will affirm.

Sanchez pled guilty on January 21, 2004 to one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846, and one count of distribution and aiding and abetting the distribution of one kilogram or more of heroin, in violation of 21 U.S.C. § 841. Under his plea agreement, Sanchez stipulated to possession and distribution of 3.3 kilograms of heroin in furtherance of the conspiracy. Furthermore, he agreed the amount of 3.3 kilograms would be used to calculate his guidelines range. Based on the plea agreement and Sanchez's acceptance of responsibility, the presentence report designated an offense level of 31. Sanchez was placed in a criminal history category of I, leading to a sentencing range of 108–135 months. Because the case involved more than one kilogram of heroin, a statutory mandatory minimum of 120 months applied. 21 U.S.C. § 841(b)(1)(A).

At sentencing, Sanchez sought a downward departure for extraordinary family circumstances. He also sought application of the § 5C1.2 "safety valve," based on his purported attempt to provide "truthful information to the Government prior to sentencing." U.S.S.G. § 5C1.2. The District Court denied both requests and sentenced Sanchez under the mandatory federal sentencing guidelines to 126 months' imprisonment.

2

Sanchez challenges his sentence on three grounds.  First, he contends the District Court erred by failing to depart downward for extraordinary family circumstances.  In explaining its decision on this issue, the court stated:

> I agree with the Government that the defendant has not satisfied the requirements for a downward departure based on extraordinary circumstances.  I don't think there is too much question about that after review of the case law.

(App. 69.)  Sanchez asserts departure was justified because he supports and enjoys close relationships with nine children, one of whom has leukemia.

Before we reach the merits, we must first address our jurisdiction.  Generally, we do not have jurisdiction to review a district court's discretionary decision not to depart downward.  *United States v. Cooper*, 437 F.3d 324, 333 (3d Cir. 2006) (citing *United States v. Denardi*, 892 F.2d 269, 271–72 (3d Cir. 1989)).  But if a district court denies departure believing it lacks the authority to depart, rather than in exercise of its discretion, we may review the legal questions raised.  *United States v. Medeiros*, 884 F.2d 75, 77 (3d Cir. 1989); *Denardi*, 892 F.2d at 271–72.

Based on the District Court's statements at sentencing, we believe the court denied departure as a matter of its discretion.  It is possible to interpret the court's reference to "the case law" as a legal determination that it was not "allowed" to depart.  This interpretation finds some support in the prosecution's assertion at sentencing that two of our cases, *United States v. Sweeting*, 213 F.3d 95 (3d Cir. 2000), and *United States v. Headley*, 923 F.2d 1079 (3d Cir. 1991), appeared to "foreclose" downward departure in

3

Sanchez's case. (App. 68.) But we think it more likely the court referred to these cases simply as comparisons. This is an appropriate, and often necessary, aspect of a district court's discretionary decision. *See United States v. Dominguez*, 269 F.3d 192, 196 (3d Cir. 2002) ("Determining what is 'exceptional in existing case law' requires that the District Court compare the facts of each case with others.").

The court's statement that Sanchez did not meet the "requirements for downward departure" (App. 69) appears to signal that the court made a discretionary determination that departure was not indicated by the facts. We read the record as indicating the court itself was not persuaded Sanchez's case fell in the realm of "unusual circumstances" which justify departure. Accordingly, we are satisfied the court denied departure in exercise of its own discretion, and we lack jurisdiction to review this decision.[1]

---

[1]Recognizing the difficulty involved in determining another court's intentions, we have encouraged district courts to acknowledge on the record their authority to depart before making a departure decision. *See, e.g., United States v. Minutoli*, 374 F.3d 236, 240 n.5 (3d Cir. 2004) ("While district courts need not utter the magic words, 'I recognize I have authority to grant the downward departure,' we have strongly encouraged them to do so, in order both to simplify our inquiry and to eliminate any ambiguity." (citing *United States v. Georgiadis*, 933 F.2d 1219, 1223 (3d Cir. 1991)). The District Court did not do so here. But whether the court denied departure for legal or discretionary reasons has little practical effect on this appeal. "Either way, [Sanchez's] contention the court erred in refusing to depart . . . lacks merit." *United States v. McQuilkin*, 97 F.3d 723, 730 (3d Cir. 1996). Were we to review the District Court's decision, we would find no error. In a case factually similar to this one, we held "family ties and responsibilities" would not warrant departure for extraordinary circumstances in the absence of evidence that "another responsible adult could not provide the necessary supervision and assistance in [defendant's] absence." *United States v. Sweeting*, 213 F.3d 95, 105 (3d Cir. 2000). Sanchez does not assert the children he supports would lack necessary care while he serves his sentence. Consequently, the evidence did not support a finding of unusual

(continued...)

4

Sanchez also challenges the District Court's decision not to apply the § 5C1.2 safety valve, which allows both for sentencing without regard to any statutory minimum sentence, § 5C1.2(a), and for a two-level reduction in offense level, § 2D1.1(b)(6). To establish applicability of the safety valve, Sanchez must meet five conditions, one of which is, in part, that he "has truthfully provided to the Government all information and evidence [he] has concerning the offense or offenses." U.S.S.G. § 5C1.2(a)(5). Sanchez "had the burden to show by a preponderance of the evidence that the safety valve provisions were applicable to his case." *United States v. Sabir*, 117 F.3d 750, 754 (3d Cir. 1997). Following the government's recommendation, the District Court determined Sanchez did not meet the fifth requirement of the safety valve provision because he attempted to minimize his role in the drug conspiracy. This is a factual determination, which we will not disturb unless we conclude the finding was "clearly erroneous." *Id.* at 752.

After hearing Sanchez's testimony at the sentencing hearing, the District Court determined Sanchez was not truthful in recounting all of his drug activities. The court found Sanchez's testimony was inconsistent with (1) the facts as the court knew them from presiding over Sanchez's co-conspirators' cases, (2) the information provided by the prosecutor, and (3) the facts Sanchez admitted to in his plea agreement. The court also specifically noted Sanchez's demeanor at the hearing, stating there was "no question" that

---

[1](...continued)
family circumstances, and the court did not err in refusing to depart.

Sanchez was lying.  (App. 70.)  The record supports these conclusions.  The court's finding was not clearly erroneous.

Finally, Sanchez argues his sentence was imposed in violation of *Blakely v. Washington*, 542 U.S. 296 (2004).  He asserts the District Court erred by increasing his sentence based on the fact that he distributed and possessed approximately 3.3 kilograms of heroin.  But because Sanchez admitted to this fact as part of his plea agreement, the District Court could rely on it at sentencing without error.  *Id.* at 303.

After Sanchez submitted his brief, the Supreme Court decided *United States v. Booker*, which struck the provisions of the sentencing guidelines that made their application mandatary.  543 U.S. 220, 267–68 (2005).  But Sanchez has not requested resentencing under *Booker*.[2]  Accordingly, we will affirm the judgment of sentence.

---

[2]We issued an order on March 9, 2005 requesting a letter brief if Sanchez sought to challenge his sentence under *Booker*.  Sanchez did not respond.