**UNITED STATES of America,**

v.

**Jaime CANO, Appellant.**

**No. 06–2543.**

United States Court of Appeals, Third Circuit.

Submitted Nov. 28, 2007.

Filed: Nov. 30, 2007.

George S. Leone, Office of United States Attorney, Newark, NJ, Glenn J. Moramarco, Office of United States Attorney, Camden, NJ, for Appellee.

Frank Louderback, Louderback McCoun & Helinger, St. Petersburg, FL, for Appellant.

Before: BARRY, FUENTES and GARTH, Circuit Judges.

## OPINION

GARTH, Circuit Judge:

Jaime Cano ("Cano") appeals from the final judgment entered by the District Court on April 27, 2006. Counsel was appointed to represent Cano. Having filed a timely notice of appeal, Cano's counsel moved to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), on the ground there are no non-frivolous issues to appeal, and

filed a brief pursuant to Third Circuit Local Appellate Rule 109.2(a). Separately, Cano filed a *pro se* brief in support of his appeal. Because we agree that the instant "appeal presents no issue of even arguable merit," we grant the motion to withdraw and deny the appeal. *See* L.A.R. 109.2(a).

## I.

On January 6, 2006, Cano was convicted for one count of conspiracy to import a controlled substance, in violation of 21 U.S.C. § 963, and subsequently was sentenced to 130 months, 5 years of supervised release, and a special assessment of $100. The District Court found that Cano participated as a translator and facilitator along with several other individuals to import cocaine and heroin from Panama to the United States. At sentencing, the District Court found Cano ineligible for the safety valve reduction under U.S. Sentencing Guidelines Section 5C1.2 because Cano had not, prior to the time of sentencing, provided to the Government all information and evidence concerning the alleged offense. The court found that, while Cano admitted his involvement in the conspiracy to an agent of the Drug Enforcement Agency ("DEA"), Cano subsequently denied his involvement during an interview with a probation officer. Because of this retraction, the District Court found that Cano failed to provide truthfully all information and evidence concerning the offense as required under Section 5C1.2 of the Sentencing Guidelines to obtain the safety valve benefit. The District Court's judgment was entered on April 27, 2006.

On May 2, 2006, Cano filed a timely notice of appeal. On September 1, 2006, Cano's counsel filed a motion to withdraw pursuant to *Anders,* 386 U.S. 738, 87 S.Ct. 1396, and the Third Circuit's L.A.R. 109.2(a). Cano's counsel argues, and the Government agrees, that there are no non-

frivolous issues to appeal. In his *pro se* brief, Cano claims that the District Court erred in declining to reduce his sentence under Section 5C1.2 because the information he provided initially to the DEA agent was provided to the jury to convict Cano. As a result, Cano argues he should be able to benefit under the safety valve provision. In the alternative, Cano claims that the District Court should have applied the rule of lenity to construe the provision in his favor. Finally, Cano cites *United States v. Shrestha*, 86 F.3d 935 (9th Cir.1996) for the proposition that recanting one's prior testimony does not bar eligibility under the safety valve provision.

## II.

We have jurisdiction under 28 U.S.C. § 1291, which provides appellate jurisdiction from all final decisions of U.S. district courts. The district court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231, which confers jurisdiction over all offenses against federal law. We exercise plenary review over questions of law and review factual findings for clear error. *See United States v. Queensborough*, 227 F.3d 149, 156 (3d Cir.2000); *United States v. Sabir*, 117 F.3d 750, 752 (3d Cir.1997).

## III.

In *Anders,* the Supreme Court recognized that the "constitutional requirement of substantial equality and fair process" necessitates that appellate counsel make a conscientious examination for "anything in the record that might arguably support the appeal." 386 U.S. at 744, 87 S.Ct. 1396. Following this constitutional imperative, we have held that the "duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001). If such comprehensive review fails to reveal any non-frivolous issues, the court "may grant counsel's request to withdraw and dismiss the appeal." *Anders,* 386 U.S. at 744, 87 S.Ct. 1396. Moreover, pursuant to the Third Circuit L.A.R. 109.2(b), this Court can find that "the issues presented in the appeal lack legal merit" and thus do not require the filing of a petition for writ of certiorari to the Supreme Court.

We have reviewed the record, counsel's brief, and Cano's *pro se* brief, and are satisfied that the *Anders* and L.A.R. 109.2 have been met. We agree with Cano's counsel and the Government that the instant "appeal presents no issue of even arguable merit." L.A.R. 109.2(a). The District Court did not err in finding that Cano had failed to provide truthfully "all information and evidence" he had concerning the conspiracy and his role in it. The rule of lenity does not aid Cano's argument because there is no statutory ambiguity to be interpreted in his favor. Cano's reference to the Ninth Circuit opinion in *Shrestha,* 86 F.3d 935, is similarly of no avail. In the instant case, we hold that the District Court did not err in finding Cano ineligible under Section 5C1.2.

Since the applicability of the safety valve provision was the only issue raised on appeal by Cano, there are no issues of any legal merit presented in this appeal for purposes of counsel filing a petition for writ of certiorari. *See* L.A.R. 109.2(b).

## IV.

For the foregoing reasons, we affirm the District Court's final judgment entered on April 27, 2006.