

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-12-2008

# USA v. Shirriel

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4897

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Shirriel" (2008). *2008 Decisions*. Paper 1624.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1624

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4897

UNITED STATES OF AMERICA

v.

JACKIE RONALD SHIRRIEL,
                                              Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Criminal No. 04-cr-0214-2
(District Judge: Honorable David S. Cercone)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 17, 2008
Before:  SCIRICA, *Chief Judge*, BARRY and ROTH, *Circuit Judges*.

(Filed February 12, 2008)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

        Jackie Ronald Shirriel pleaded guilty to one count of conspiracy to distribute and

possess with intent to distribute cocaine, cocaine base, and marijuana.  21 U.S.C. § 846;

18 U.S.C. § 2(a)-(b). He appeals from his judgment of sentence.[1] Because Shirriel

signed an effective waiver of appellate rights, we will affirm.

**I.**

On October 27, 2005, the District Court imposed the statutory minimum sentence

of a 120-month term of imprisonment, five years of supervised release, and a $100 special

assessment. Shirriel timely appealed, contending the District Court failed to make an

"informed, independent determination" in finding Shirriel was not eligible to be

sentenced under the safety-valve provision, 18 U.S.C. § 3553(f). If applicable, the safety-

valve would have allowed the District Court to disregard the statutory minimum in

imposing Shirriel's sentence. A defendant must meet five requirements to be eligible for

the safety-valve.[2]

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction

under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). But we refrain from exercising our

jurisdiction where a criminal defendant has effectively waived the right to appeal in a plea

agreement. *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007).

---

[1] Shirriel's co-defendant does not appeal.

[2] The only one of the five provisions in dispute here is § 3553(f)(5), which requires that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement."

2

## II.

We enforce a waiver of the right to appeal if the waiver is entered into knowingly and voluntarily, unless it works a miscarriage of justice. *United States v. Khattak*, 273 F.3d 557, 558 (3d Cir. 2001). We strictly construe the language of the waiver, but if we find the waiver applies by its terms, it is the defendant's burden to show the waiver should not be enforced. *Id.* at 562-63. If the defendant fails to do so, we affirm without reaching the merits of the appeal. *Gwinnett*, 483 F.3d at 206. Our review is plenary. *Khattak*, 273 F.3d at 560.

Shirriel's plea agreement contains an express waiver of the right to appeal his conviction or sentence, with three exceptions.[3] This appeal falls within the language of the waiver, and no exception applies. Our review of the record shows no reason why the waiver should not be enforced according to its terms. When Shirriel entered his guilty plea, the District Court conducted a thorough colloquy as required by Fed. R. Crim. P. 11(b). *See Khattak*, 273 F.3d at 560. The Court found Shirriel entered the plea

---

[3] The waiver provision reads, in relevant part: "Jackie Ronald Shirriel waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions: (a) if the United States appeals from the sentence, Jackie Ronald Shirriel may take a direct appeal from the sentence. (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Jackie Ronald Shirriel may take a direct appeal from the sentence. The foregoing reservations of the right to appeal on the basis of specified issues do not include the right to raise issues other than those specified. Jackie Ronald Shirriel further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence."

agreement knowingly, voluntarily and intelligently. Shirriel testified he signed the plea agreement and was fully aware of its contents. The Government's attorney recited the part of the plea agreement in which Shirriel waived the right to appeal. Shirriel and his lawyer acknowledged the Government's recitation of the plea agreement's contents in open court was accurate. The Court found Shirriel "is competent, that he knows and understands his rights, including his right to a jury trial, and he understands the consequences of waiving those rights, that he understands the minimum and the maximum penalties." At the sentencing hearing, the Court advised Shirriel he had a "right to take an appeal, except to the extent that you waived your appellate rights as part of the plea agreement." Although Shirriel said at the sentencing hearing that he would not have signed the plea agreement had he known what position the Government would take with respect to the "safety-valve" provision, this does not show the waiver of appellate rights in the plea agreement was not knowing and voluntary. "Waivers of the legal consequences of unknown future events are commonplace." *Id.* at 561.

Since the waiver was knowing and voluntary, we can reach the merits only to avoid a "miscarriage of justice." *Id.* at 562. We consider the "clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *Id.* at 563 (quoting *United States v. Teeter*, 257 F.3d 14, 26 (1st Cir. 2001)). Shirriel

4

provides no reason why a miscarriage of justice would result from enforcing the waiver in this case, and our review of the record reveals none.[4]

### III.

Because Shirriel effectively waived his right to bring this appeal, we will affirm.

---

[4] Even if we could reach the merits, we would affirm. The District Court found Shirriel had not shown by a preponderance of the evidence that he satisfied the fifth safety-valve requirement. Contending the District Court merely adopted the Government's position, Shirriel relies on *United States v. White*, 119 F.3d 70, 73 (1st Cir. 1997), which reasoned that because the district court, rather than the Government, makes the ultimate safety-valve finding, the court is not limited to the Government's arguments in its analysis. In *White*, the court of appeals rejected the defendant's argument that the district court had improperly relied on a *sua sponte* credibility finding in denying application of the safety-valve. *Id*. Here, Shirriel contends not that the District Court made an improper *sua sponte* finding, but rather that its analysis was not sufficiently thorough. We disagree. The District Court made a finding on the record that Shirriel had not met his burden under § 3553(f), and the record supports the conclusion that Shirriel failed to provide a true and complete account of all requisite information and evidence. The District Court's finding that Shirriel did not provide the Government with all the information and evidence was not clearly erroneous. *See United States v. Sabir*, 117 F.3d 750, 752-54 (3d Cir. 1997).