

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-30-1997

# United States v. Sabir

Precedential or Non-Precedential:

Docket 96-5626

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"United States v. Sabir" (1997). *1997 Decisions*. Paper 142.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/142

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed June 30, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-5626

UNITED STATES OF AMERICA

v.

FAHIM SABIR, a/k/a Salah Rasool

Fahim Sabir,
Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 92-00659-3)

Submitted under Third Circuit LAR 34.1(a)
June 23, 1997

BEFORE: GREENBERG, MCKEE, and WELLFORD,*
Circuit Judges

(Filed: June 30, 1997)

---

*Honorable Harry W. Wellford, Senior Judge of the United States Court
of Appeals for the Sixth Circuit, sitting by designation.

Kevin McNulty
Assistant U.S. Attorney
Elizabeth S. Ferguson
Assistant U.S. Attorney
Faith S. Hochberg
United States Attorney
970 Broad Street
Room 502
Newark, NJ 07102

 Attorneys for Appellee

James J. Plaia
10 South Prospect Street
Verona, NJ 07044

 Attorney for Appellant

**OPINION OF THE COURT**

GREENBERG, Circuit Judge.

I. INTRODUCTION

This case comes before this court on Fahim Sabir's appeal from the sentence the district court imposed on him after he pleaded guilty to conspiracy to distribute more than 100 grams of heroin contrary to 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C. § 846. Sabir entered the plea pursuant to a plea agreement which stipulated that he had demonstrated affirmative acceptance of responsibility entitling him to a 3-level decrease in his offense level pursuant to U.S.S.G. § 3E1.1 ("section 3E1.1"). At the sentencing, after the court awarded Sabir the 3-level decrease, it calculated his total offense level at 23 which, when applied to his criminal history category of I, yielded a sentencing range of 46 to 57 months under the sentencing guidelines. Nevertheless, 21 U.S.C. § 841(b)(1)(B) established a mandatory minimum sentence of five years for the offense so that ordinarily the sentencing range would not have been material to his sentence.

Sabir, however, urged at his sentencing that the court should sentence him under the guidelines without regard for the statutory minimum sentence, pursuant to the safety valve provisions in 18 U.S.C. § 3553(f), adopted in 1994 as a portion of the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 80001, 108 Stat. 1796, 1985-86. The safety valve provisions have been incorporated verbatim into the sentencing guidelines as U.S.S.G. § 5C1.2, but as a matter of convenience we will refer only to the statutory citations. The safety valve provisions establish that a defendant shall be sentenced pursuant to the sentencing guidelines without regard to any statutory minimum sentence in certain drug offense cases in the event that the following five conditions are met:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f). Not surprisingly, most of the disputes in the reported cases involving the safety valve provisions

3

center on the fifth condition, 18 U.S.C. § 3553(f)(5) ("section 3553(f)(5)"), which requires the defendant truthfully to provide certain information to the government. The government does not claim that Sabir's offense could not qualify for disposition under the safety value provisions if the five statutory conditions are satisfied.

The district court rejected Sabir's claim that the safety valve provisions were applicable:

The final criteria is that not later than the time of the sentencing hearing the defendant has truthfully provided to the government all information and evidence he has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.

Defendant does not meet this criteria. According to the government the defendant gave two proffers, and in each he minimized his role. To this day of sentencing he continues to minimize his role and fails to give a full forthright account of his activities either to the Probation Department or to the government. Therefore he's not entitled to the benefit of either the safety valve or the resulting two level downward adjustment.[1]

Supp. app. at 15-16. Thus, the court sentenced Sabir to 60 months in prison followed by a four-year term of supervised release. In addition, the court fined Sabir $2,500. Sabir then appealed.

## II. DISCUSSION

On this appeal Sabir makes two contentions. First, he contends "that if one is sufficiently candid to get acceptance

_____

1. We are not completely clear as to what the district court meant when it indicated that Sabir was not entitled to the benefit of "the resulting two level downward adjustment." The safety valve provisions do not provide for a downward adjustment in the offense level but the court did allow Sabir a 2-level downward adjustment in his offense level for acceptance of responsibility under section 3E1.1(a). Probably the court was referring to the fact that at the sentencing it already had denied Sabir a 2-level decrease in his offense level which Sabir sought under U.S.S.G. § 3B1.2(b) for being a minor participant in the criminal activity.

4

of responsibility, it is contradictory to say that he minimized his role." Br. at 9. Thus, in his view, the court's finding that he accepted responsibility should entitle him to the benefit of the safety valve provisions, but the court denied him that advantage because it found he minimized his role in the offense. Second, he contends that he complied with section 3553(f)(5) which required him to provide the government with "all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." We exercise plenary review over Sabir's first contention as we regard it as raising a legal question, but we can reject the court's findings that Sabir did not provide the information and evidence only if we conclude that the findings were clearly erroneous. See United States v. Wilson, 106 F.3d 1140, 1142-43 (3d Cir. 1997).

Section 3E1.1 provides for a decrease in the offense level on the basis of the defendant's acceptance of responsibility:

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:

(1) timely providing complete information to the government concerning his own involvement in the offense; or

(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,

decrease the offense level by 1 additional level.

We do not doubt that frequently a defendant entitled to a 2- or 3-level reduction in his offense level by reason of acceptance of responsibility will be entitled to the benefit of

5

the safety valve provisions as well so that he or she will be sentenced under the guidelines without regard for any statutory minimum sentence. Yet the acceptance of responsibility provisions in the guidelines plainly do not subsume all of a defendant's responsibilities under the safety valve provisions. In United States v. Arrington, 73 F.3d 144 (7th Cir. 1996), the district court determined that the defendant was not entitled to the benefit of the safety valve provisions because he did not satisfy section 3553(f)(5), even though the court allowed him a 2-level reduction in his offense level under section 3E1.1(a) for acceptance of responsibility and a 1-level reduction under section 3E1.1(b)(2) for entering a timely plea of guilty. On appeal the defendant argued "that it is inconsistent to hold that he truthfully admitted his offense conduct under § 3E1.1(a) but did not truthfully provide all the information concerning his offense under § 3553(f)(5)." Arrington, 73 F.3d at 149. The Court of Appeals for the Seventh Circuit rejected that contention:

We agree with the district court that the admission of responsibility necessary to obtain a reduction under § 3E1.1(a) is not necessarily sufficient to satisfy § 3553(f)(5). Section 3553(f)(5) requires more cooperation than § 3E1.1(a): § 3553(f)(5) requires the defendant to provide `all information . . . concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan,' whereas § 3E1.1(a) requires that he admit `the conduct comprising the offense(s) of conviction.' The distinction between the two is not insignificant. Although § 3E1.1(a) forbids a defendant from falsely denying relevant conduct, see U.S.S.G. § 3E1.1, comment. (n.1(a)), it imposes no duty on a defendant to volunteer any information aside from the conduct comprising the elements of the offense. Id. In contrast, § 3553(f) states that a defendant must disclose `all information' concerning the course of conduct--not simply the facts that form the basis for the criminal charge. Accordingly, the district court correctly held that § 3553(f)(5) requires more than § 3E1.1(a).

Arrington, 73 F.3d at 149.

6

Arrington does not stand alone in the foregoing holding. In United States v. Adu, 82 F.3d 119 (6th Cir. 1996), the Court of Appeals for the Sixth Circuit rejected an argument similar to that the appellant advanced in Arrington, holding as follows:

The defendant did not carry his burden of proving that he was eligible for sentencing below the prescribed mandatory minimum. The requirement of U.S.S.G. § 5C1.2 that a defendant provide the government `all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan' is greater than the requirement for an acceptance of responsibility reduction under U.S.S.G. § 3E1.1. Application Note 1 to § 3E1.1 states that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a two-level reduction. To qualify under § 5C1.2, however, a defendant must truthfully provide all information he has concerning the offense of conviction and all relevant conduct. United States v. Long, 77 F.3d 1060 (8th Cir. 1996); Application Note 3 to § 5C1.2. Thus, the fact that the defendant qualified for a two-level acceptance of responsibility reduction under § 3E1.1 does not establish eligibility for a safety valve reduction under § 5C1.2. United States v. Arrington, 73 F.3d 144, 149 (7th Cir. 1996).

Adu, 82 F.3d at 124. See also United States v. Ivester, 75 F.3d 182, 184 (4th Cir.) ("Section 3553(f)(5) requires more than accepting responsibility for one's own acts."), cert. denied, 116 S.Ct. 2537 (1996).

We agree with the holdings in Arrington and Adu that the mere fact that a defendant is entitled to a 2- or 3-level reduction in his offense level for acceptance of responsibility does not establish that the defendant has satisfied the requirements of section 3553(f)(5). Section 3553(f) and section 3E1.1 are not coterminus. For example, whereas section 3E1.1 focuses on the defendant's acceptance of individual responsibility, section 3553(f) requires the defendant to reveal a broader scope of

7

information about the relevant criminal conduct to the authorities.

However, we find questionable the language in Adu describing the requirements of section 3553(f)(5) as "greater than the requirement for an acceptance of responsibility reduction under U.S.S.G. § 3E1.1." Adu, 82 F.3d 124. Our questioning of Adu is based on the potential implications of the word "greater" on the relationship between section 3553(f)(5) and section 3E1.1. After all, the safety valve and acceptance of responsibility provisions have different elements, so that the acceptance of responsibility provision is not a lesser-included requirement of the safety valve provisions. See United States v. Shrestha, 86 F.3d 935, 939-40 (9th Cir. 1996) (holding that defendant need not satisfy requirements of section 3E1.1 to be eligible for relief under section 3553(f)); United States v. Acosta-Olivas, 71 F.3d 375, 379 (10th Cir. 1995) (emphasizing differences between section 3553(f)(5) and section 3E1.1). Indeed, the Court of Appeals for the Seventh Circuit recently has clarified that Arrington did not hold that a finding that the safety valve provisions of section 3553(f) apply also means the defendant has complied with the acceptance of responsibility provisions of section 3E.1.1. United States v. Webb, 110 F.3d 444, 447 (7th Cir. 1997) ("Arrington does not imply that every defendant who receives a § 5C1.2 (or a § 3553(f)) reduction must receive a § 3E1.1(a) reduction. Section 5C1.2(5) in one respect demands more of an effort from the defendant than § 3E1.1(a) . . . but in other respects may demand less."). Consequently, we do not hold that a defendant entitled to the benefit of the safety valve provisions necessarily is entitled to a reduction in his or her offense level for acceptance of responsibilty. Indeed, that issue is not even before us. Yet our possible disagreement with Adu on this issue does not undermine the usefulness of that case on the point for which we cite it, i.e., that the mere fact that a defendant is entitled to a reduction of his offense level by reason of his acceptance of responsibility does not establish that he has satisfied the requirements of section 3553(f)(5).

We also reject Sabir's contention that he was entitled to the benefit of the safety valve provisions because he in fact

8

complied with section 3553(f)(5). Sabir, of course, had the burden to show by a preponderance of the evidence that the safety valve provisions were applicable to his case. See United States v. Ramirez, 94 F.3d 1095, 1100-02 (7th Cir. 1996). The district court pointed out that Sabir minimized his role in the offense and to the day of the sentencing failed to give a "full forthright account of his activities either to the Probation Department or to the government." This finding was not clearly erroneous. In the circumstances, we hold, exercising plenary review, that Sabir did not "truthfully provide[ ] to the Government all information and evidence" he had concerning the offense. After all, he surely knew his own role in the offense, yet he did not disclose it completely.

In rejecting Sabir's second contention, we have not lost sight of his argument that he cannot have minimized his role in the offense, as the court found that he had accepted responsibility and thus was entitled to the 2-level decrease in his offense level under section 3E1.1(a). While there is a certain logic in this argument, in view of the specific nature of the court's finding that Sabir minimized his role in the offense, acceptance of the argument that the court's findings under section 3E1.1(a) and section 3553(f)(5) were inconsistent so that both could not stand, rather than leading to an application of the safety valve provisions, would lead to a denial of a downward adjustment in his offense level for acceptance of responsibility. We, however, will not consider that possibility further as the government has not challenged the court's allowance of the downward adjustment of the offense level.2

---

2. Actually, Sabir may have been treated more leniently than the facts warranted when the court sentenced him to a 60-month custodial term. Denial of a 2-level decrease in his offense level under section 3E1.1(a) also would have denied him the 1-level decrease under section 3E1.1(b), thus leading to a total offense level of 26 and a guidelines range of 63 to 78 months.

9

III. CONCLUSION

In view of the aforesaid, we will affirm the judgment of conviction and sentence of September 4, 1996.

A True Copy:
Teste:

<u>Clerk of the United States Court of Appeals</u>
<u>for the Third Circuit</u>

10