

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2008

# USA v. Holguin

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5126

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Holguin" (2008). *2008 Decisions.* Paper 1677.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1677

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-5126

———————

UNITED STATES OF AMERICA

v.

FE DEL CARMEN HOLGUIN,

Appellant.

———————

On Appeal from the United States District Court
for the District of Delaware
(No. 04-cr-00144-13)
District Judge: Hon. Joseph J. Farnan, Jr.

———————

Submitted Under Third Circuit LAR 34.1(a)
December 7, 2007

Before:  MCKEE, CHAGARES, and HARDIMAN, Circuit Judges.

(Filed: January 30, 2008)

———————

OPINION OF THE COURT

———————

CHAGARES, Circuit Judge.

Fe Del Carmen Holguin appeals the sentence the District Court imposed on her after she pled guilty to possession with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). Holguin contends that the District Court erred in denying her a safety valve reduction which could have prevented the imposition of the mandatory minimum five year imprisonment term. Because we find that Holguin did not truthfully provide the Government with all the information and evidence she had concerning the relevant offense, we will affirm the District Court's decision.

I.

As we write only for the parties, our statement of the facts is brief. On January 13, 2005, a Grand Jury in the District of Delaware charged Holguin and twelve co-defendants in a superseding indictment arising out of a large-scale heroin trafficking conspiracy. Holguin was charged in Count One with conspiracy to distribute more than one kilogram of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and in Count Seven with possession with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). Holguin entered into a plea agreement and pled guilty to Count Seven. She asked the court to sentence her without regard for the five year statutory minimum sentence, pursuant to the safety valve provisions in 18 U.S.C. §

2

3553(f).[1]  The District Court determined that Holguin was not eligible for safety valve relief because "the defendant has not provided the government with all evidence or information regarding the offense of conviction or offenses of a common scheme or plan or same course of conduct," Appendix (App.) 129, and sentenced Holguin to sixty months imprisonment, four years supervised release, and a special assessment of $100.  This appeal followed.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and will affirm.

II.

The safety valve provisions were enacted to provide relief to individuals playing

---

[1] "The safety valve provisions establish that a defendant shall be sentenced pursuant to the sentencing guidelines without regard to any statutory minimum sentence in certain drug offense cases in the event that [] five conditions are met."  United States v. Sabir, 117 F.3d 750, 751 (3d Cir. 1997).  Namely,
> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (3) the offense did not result in death or serious bodily injury to any person;
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in [21 U.S.C. § 848]; and
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).

minor roles in drug trafficking conspiracies, who lacked the detailed knowledge to qualify for "substantial assistance" sentence reductions under 18 U.S.C. § 3553(e). Such a defendant bears the burden of demonstrating by a preponderance of the evidence that the safety valve provisions are applicable to his or her case, Sabir, 117 F.3d at 754, and application "not only requires a defendant to admit the conduct charged, but [] also imposes an affirmative obligation on the defendant to volunteer any information aside from the conduct comprising the elements of the offense." United States v. O'Dell, 247 F.3d 655, 675 (6th Cir. 2001) (internal quotation marks and citation omitted). Unlike other reduction provisions, such as United States Sentencing Guideline § 3E1.1 (acceptance of responsibility), the safety valve provisions require a defendant to "reveal a broader scope of information about the relevant criminal conduct to the authorities." Sabir, 117 F.3d at 753. "These stringent requirements reflect the fact that the safety valve was intended to benefit only those defendants who truly cooperate." O'Dell, 247 F.3d at 675 (internal quotation marks and citation omitted).

We exercise plenary review over the District Court's ultimate refusal to invoke the safety valve provisions, United States v. Wilson, 106 F.3d 1140, 1143 (3d Cir. 1997), but can reject the District Court's factual findings that Holguin did not provide the requisite information and evidence only if we conclude that those findings were clearly erroneous. Sabir, 117 F.3d at 752.

### III.

4

In this case, there is no dispute that Holguin met the first four factors of Section 3553. The parties disagree on whether Holguin demonstrated that she met the fifth factor by truthfully providing the Government with all evidence she possessed "concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). The Government argues that the District Court correctly determined that Holguin did not fulfill her affirmative obligation and burden to demonstrate that she was completely candid in disclosing all information regarding her role and the roles of her co-conspirators in the drug trafficking offense, while Holguin asserts that she fully and completely disclosed all of the relevant information regarding the conspiracy prior to sentencing.

Holguin's sole argument backing her appeal is that she disclosed the identities of all parties she knew to be associated with the drug-trafficking conspiracy and provided the Government with as much information as she could regarding their respective roles in the scheme. In support of this assertion, Holguin points to an exchange between her counsel and DEA Task Force Officer Marilyn Brown at Holguin's July 28, 2005 detention hearing. Counsel asked the officer if Holguin had "disclosed her role in the offense" after pleading guilty, and Officer Brown responded in the affirmative. App. 84. On redirect, however, Officer Brown testified that Holguin did not "fully disclose[] her interaction with other co-defendants in this case," nor "fully disclose[] her understanding of what other co-defendants did in this case, in this offense." App. 85-86. Thus, Holguin cannot rely on the argument that Officer Brown admitted that Holguin disclosed fully her

5

complete role and the roles of her co-conspirators in the offense. Moreover, the District Court did not base its decision to deny safety valve relief on this testimony, and even acknowledged that the cross-examination of Officer Brown "was effective in soliciting testimony . . . favorable to the defendant's argument in support of safety valve," Supplemental Appendix (Supp. App.) 10, before citing other inconsistencies and lack of candor on the part of Holguin to support its denial. For example, the court found that Holguin "didn't provide letters that were sent to her by another participant in the criminal activity," made inconsistent statements to the Government regarding "not knowing the location or amount of money [involved] and not knowing about some of the details of the location of individuals or recall[ing] their whereabouts," and specifically did not disclose the extent of "contacts and relationship" with involved parties Jose Diaz and Esmerelda Hernandez. Supp. App. 3, 11. These findings were not clearly erroneous.

Holguin had the burden to demonstrate that she supplied the Government with complete information and persuade the District Court of her candor. Sabir, 117 F.3d at 754; see also United States v. Ponce, 358 F.3d 466, 468-69 (7th Cir. 2004) ("a district court may consider a defendant's lack of candor in determining eligibility under the safety-valve provision."). However, she offered no evidence to explain gaps and inconsistencies in her various statements to the Government. To give but one example, at her second proffer session with the Government, Holguin told agents that she had forgotten to bring a cell phone she received from a co-conspirator and letters from another co-conspirator. At the third proffer, however, Holguin claimed she could not find the

6

phone and had discarded the letters. Likewise, Holguin failed to explicate fully her relationship with numerous co-conspirators or provide a consistent explanation of her involvement with the drug-trafficking operation. Thus, we reject Holguin's contentions that she complied with the safety valve provisions' requirement that she truthfully provide the Government with all information and evidence she had regarding the drug trafficking offense.

## IV.

For the foregoing reasons, we will affirm the sentence imposed on Holguin by the District Court.