

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-8-2008

# USA v. Hoover

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3611

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Hoover" (2008). *2008 Decisions*. Paper 146.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/146

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3611
_____

UNITED STATES OF AMERICA

v.

EDGAR HOOVER,

Appellant.

_____

On Appeal From the United States District Court
for the Middle District of Pennsylvania
(Criminal No. 05-cr-00311-2)
District Judge:  Honorable Malcolm Muir
_____

Submitted Under Third Circuit LAR 34.1(a)
on October 1, 2008

Before: FISHER, CHAGARES, and HARDIMAN, <u>Circuit</u> <u>Judges</u>.
_____

(Filed: December 8, 2008)

_____

OPINION OF THE COURT

_____

CHAGARES, <u>Circuit Judge</u>.

This is an appeal from the denial of the application of "safety valve" provisions in defendant Edgar Hoover's sentence. Hoover makes two arguments on appeal: (1) that the District Court should have granted a two-level reduction in offense level pursuant to the safety valve provisions of U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f); and (2) that the District Court erred when it failed to hold an evidentiary hearing on the application of the safety valve. We will affirm.

I.

As we write mainly for the parties, we only briefly recite the facts. On December 15, 2002, Edgar Hoover drove with Chad Kelly to Philadelphia in Hoover's car so that Kelly could buy cocaine from David Hill. Although Hoover suggested the trip was to go Christmas shopping, he "readily understood that the reason for the meeting between Hill and Chad Kelly. . . was for the purpose of obtaining cocaine." Supplemental Appendix (Supp. App.) 19. Hoover knew that Kelly sold cocaine and had received some from him before, that Hill sold and distributed cocaine and had received cocaine "directly from Hill for Hoover to sell," and that before the trip, Hoover "observed Hill in possession of multiple ounces of cocaine and thousands of dollars in cash." <u>Id.</u> at 20. Furthermore, Hoover had driven Kelly and Hill to New York "on multiple occasions" and "the purpose of these trips to New York was to obtain cocaine." <u>Id.</u> On December 15, the police stopped Hoover's car and recovered a kilogram of cocaine and a pistol. <u>Id.</u> Hoover later

2

pled guilty to a drug offense. He is now contesting whether the relevant safety valve provisions were correctly applied to him, and whether the district court abused its discretion when it failed to hold an evidentiary hearing on this issue.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction to review this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

As to the first issue, whether the District Court should have granted Mr. Hoover a two-level decrease pursuant to the safety valve, we review the District Court's factual findings under a clear error standard. United States v. Barrie, 267 F.3d 220, 223 (3d Cir. 2001) (citation omitted). That is, "[w]e will reverse 'only if we are left with a definite and firm conviction that a mistake ha[s] been made. . .' We may not reverse if the district court's findings are 'plausible in light of the record viewed in its entirety.'" Id. (citations omitted). We review the District Court's "interpretation and application of the sentencing guidelines" under a plenary standard. United States v. Helbling, 209 F.3d 226, 243 (3d Cir. 2000).

As to the second issue, the denial of an evidentiary hearing, we employ an abuse of discretion standard. United States v. Houston, 217 F.3d 1204, 1206-07 (9th Cir. 2000).

## III.

The safety valve applicable to Hoover's offense is set forth in U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f) and allows a sentencing court to depart from the statutory minimum

3

sentence if a defendant establishes five factors. The factor at issue in this case is whether the defendant "possess[ed] a firearm. . . in connection with the offense." 18 U.S.C. § 3553(f)(2); U.S.S.G. § 5C1.2(a)(2). A defendant must prove by a preponderance of the evidence that the safety valve applies. United States v. Sabir, 117 F.3d 750, 754 (3d Cir. 1997). The District Court found that the defendant did not meet this burden. Appendix (App.) 50a (District Court Order).

The District Court accepted as true all of the assertions that Hoover and his fiancé, Jaimie Stewart, made regarding why the gun was in the car. App. 50a (District Court Order). Nevertheless, the Court found that "[t]he grounds presented by Hoover and Stewart are entirely consistent with a determination that the gun was in the vehicle for multiple reasons, including the trips to obtain cocaine." App. 50a.

Hoover knew that the purpose of the trip was to obtain cocaine and that he had been involved in cocaine transactions with Hill before, and we are not left with a "definite and firm conviction that a mistake has been made" regarding the District Court's finding that Hoover has not shown by a preponderance of the evidence that the gun was in the car for "multiple reasons, including the trips to obtain cocaine." App. 50a. Since the District Court found that Hoover had not established his burden of proving by a preponderance of the evidence that the gun was not used in connection with the offense, it correctly denied application of the safety valve provisions. Thus, we will affirm the ruling of the District Court as to this issue.

4

The second issue is whether the District Court's failure to hold an evidentiary hearing on this matter constitutes an abuse of discretion. See Houston, 217 F.3d at 1206-07. Under U.S.S.G. § 6A1.3(a), "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." The commentary to § 6A1.3(a) explains:

> When a dispute exists about any factor important to the sentencing determination, the court must ensure that the parties have an adequate opportunity to present relevant information. Written statements of counsel or affidavits of witnesses may be adequate under many circumstances.... [but] [a]n evidentiary hearing may sometimes be the only reliable way to resolve disputed issues.

U.S.S.G. § 6A1.3(a) cmt. (emphasis added) (citations omitted).

The District Court in this case considered affidavits and other evidence supporting Hoover's claim, and accepted as true all of the allegations contained within them. Importantly, Hoover failed to identify to either the District Court or this Court any additional facts that he would have presented at a hearing. Under these circumstances, we find that the District Court did not abuse its discretion when it declined to hold an evidentiary hearing.

## V.

Accordingly, we will affirm the judgment of sentence of the District Court.

5