**UNITED STATES of America**

v.

**Timothy DO, Appellant.**

No. 08–1128.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 29, 2009.

Opinion filed: Nov. 17, 2009.

Robert A. Zauzmer, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Timothy Do, Philadelphia FDC, George H. Newman, Esq., Newman & McGlaughlin, Philadelphia, PA, for Appellant.

Before: McKEE, CHAGARES, and NYGAARD, Circuit Judges.

### OPINION

McKEE, Circuit Judge.

Timothy Do appeals the sentence that was imposed after he pled guilty to distrib-

uting and possessing methylenedioxymeth-amphetamine ("ecstasy") in violation of 21 U.S.C. § 841(a)(1). *See* Sentencing Hearing Transcripts, 45 (Jan. 3, 2008). He argues that the district court erred in failing to apply 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 (the "safety valve" provision) to reduce his sentence, and that the court erroneously included an additional 8,000 ecstasy pills in the guideline calculation. For the reasons set forth below, we will affirm.[1]

## I.

As we write primarily for the parties who are familiar with the facts of this case, we need not recite the factual or procedural history in detail.

Under the safety valve provision of the United States Code and the United States Sentencing Guidelines, a district court may depart from an otherwise applicable mandatory minimum sentence if five statutory requirements are satisfied.[2] 18 U.S.C. § 3553(f); and U.S.S.G. § 5C1.2. A defendant must prove that he/she satisfies each of those five requirements by a preponderance of the evidence. *Sabir,* 117 F.3d at 754; *United States v. Wilson,* 106 F.3d 1140, 1141 (3d Cir.1997). Here,

the district court found that Do had not established that he had provided "all information and evidence ... concerning the offense ...," as required by the fifth element. 18 U.S.C. § 3553(f)(5). *See Sabir,* 117 F.3d at 754.

We reject Do's argument that the this was clear error because the district court's conclusion is, at a minimum, "plausible in light of the record." *Anderson v. City of Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Although the record established that Do was involved in drug trafficking during the six-months he lived in Philadelphia, he claimed that he did not know the last name or address of his suppliers or customers and failed to successfully contact them after his arrest.

Moreover, Do's accounts of his drug involvement were inconsistent and contrary to the record. His phone records and border crossing records suggested that his true supplier was in Canada. Yet, Do insisted on claiming that his supplier was local. Do stated that he was given the 15,000 ecstasy pills on consignment in Philadelphia on December 19, 2006. Although he owed the supplier $50,000 for those pills, Do's calls to the alleged local supplier went unanswered. Meanwhile, Do's phone

1. We review the district court's conclusions of law *de novo*, and afford clear error review to the district court's factual findings. *United States v. Sabir,* 117 F.3d 750, 752 (3d Cir. 1997).

2. The five requirements are: "(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines; (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in

a continuing criminal enterprise, as defined in section 408 of the Controlled Substance Act; and (5) not later than the time of the sentence hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement." 18 U.S.C. § 3553(f); *see also* U.S.S.G. § 5C1.2 (adopting identical language).

records indicated that he called a Toronto phone number over 37 times in December of 2006. Border crossing records showed that Do crossed into Canada on December 17, 2006. After his arrest, Do received multiple calls from the same Toronto phone number he called in December. Yet, Do offered no evidence pertaining to a Toronto connection except to state that the number he had called belonged to his cousin.

The district court's conclusion that Do's information was "less than forthcoming," "not credible," and "inconsistent," App. at 95–96, is therefore totally consistent with this record, and we agree that Do failed to meet his burden of proving that he qualified for the application of the safety valve provision.

## II.

Do also argues that the district court committed clear error by including an additional 8,000 ecstasy pills in its guideline calculations. However, since the district court correctly refused to apply the safety valve provision of the guidelines, we need not reach that issue.[3] The statutorily prescribed mandatory minimum sentence of 120 months imprisonment applied and the court had no authority to impose a lesser sentence. Thus, a lesser drug quantity would not have reduced his sentence.

## III.

For the foregoing reasons, we will affirm the sentencing judgment of the district court.

---

3. Both parties agree that Do's second argument is relevant only if we reverse the district court's conclusion as to the applicability of the safety valve provision. *See* Appellant Br. at 19 n. 7; Appellee Br. at 31–32.