NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-2974

———————

UNITED STATES OF AMERICA

v.

LINH DAI
a/k/a BROTHER BA

Linh Dai,
                                      Appellant

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-07-cr-00662-003)
District Judge: Honorable Mary A. McLaughlin

———————

Submitted Under Third Circuit LAR 34.1 (a)
July 12, 2010

Before:  RENDELL, JORDAN and GREENAWAY, JR., Circuit Judges.

(Filed: July 13, 2010)

———————

OPINION OF THE COURT

———————

RENDELL, Circuit Judge.

    Linh Dai pled guilty to one count of conspiracy to distribute and possess with

intent to distribute MDMA and methamphetamine in violation of 21 U.S.C. § 846.  As a

result of his guilty plea, Dai faced a statutory mandatory minimum sentence of 120 months' imprisonment. The District Court subsequently sentenced him to 135 months' imprisonment and a five-year term of supervised release, and imposed a fine of $1000 and a mandatory special assessment of $100. Dai contends that the District Court erred in denying him a safety valve reduction. We disagree, and will affirm the judgment of the District Court.[1]

We review the District Court's factual determinations as to safety valve eligibility for clear error, and apply plenary review to its legal determinations and application of the safety valve provision. *United States v. Wilson*, 106 F.3d 1140, 1142-43 (3d Cir. 1997).

The safety valve provision, codified at 18 U.S.C. § 3553(f), allows for potential relief from statutory mandatory minimum sentences when five enumerated criteria are met. The last of the five requirements, which is the only one at issue here,[2] states:

> [N]ot later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] There is no dispute that Dai met the first four requirements: (1) he did not have more than one criminal history point; (2) he did not use violence or threats of violence or possess (or induce someone else to possess) a dangerous weapon in connection with the offense; (3) the offense did not result in death or serious bodily injury to anyone; and (4) according to the District Court's ruling, he was not an organizer, leader, manager, or supervisor of others in the offense, and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

2

Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f)(5).

Dai's sole argument that he has satisfied the fifth criterion is that the District Court's finding that he was not "truthful and complete" cannot be reconciled with its determination that he accepted responsibility for purposes of U.S.S.G. § 3E1.1. However, we have expressly rejected the claim that acceptance of responsibility alone necessarily means that a defendant meets the fifth criterion of safety valve eligibility. In *United States v. Sabir*, we held that "the acceptance of responsibility provisions in the guidelines plainly do not subsume all of a defendant's responsibilities under the safety valve provisions." 117 F.3d 750, 752 (3d Cir. 1997). We adopted the reasoning of the Court of Appeals for the Seventh Circuit, which held that the safety valve requires the defendant to provide information about all offenses that were part of the same course of conduct, whereas acceptance of responsibility for purposes of the Guidelines requires the defendant to admit responsibility only for the conduct that formed the offense of conviction. *Id.* at 752-53 (*citing United States v. Arrington*, 73 F.3d 144, 149 (7th Cir. 1996)).

Here, Dai has not shown that he provided to the Government *all* information and evidence he had regarding the relevant offenses. *See* 18 U.S.C. § 3553(f)(5). He acknowledged that he was responsible for a single drug transaction, but disputed evidence of his extensive involvement in a drug conspiracy involving numerous sales of MDMA

3

and marijuana.  Nor did he disclose information about others involved in the conspiracy or about other offenses that were part of the conspiracy.  Accordingly, the District Court did not err in concluding that he is not eligible for the safety valve reduction, and we will affirm the Court's judgment.