**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

09-2998
_____

UNITED STATES OF AMERICA

v.

LAM TA,
                        Appellant


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-06-cr-00585-005)
District Judge: Honorable Gene E.K. Pratter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 9, 2010

BEFORE: MCKEE, Chief Judge,  SLOVITER and COWEN, Circuit Judges

(Filed: January 3, 2011)
_____

OPINION
_____

COWEN, Circuit Judge.

        Appellant, Lam Ta, appeals from the District Court's order sentencing him to a

statutory mandatory minimum sentence of ten years' imprisonment.  Lam Ta contends

that the District Court erred in denying him a safety valve reduction.  We perceive no error and will affirm the judgment of the District Court.

I.

In December 2007, a grand jury in the United States District Court for the Eastern District of Pennsylvania returned an indictment charging Lam Ta with various drug trafficking offenses arising from his participation in the Lien Dam drug trafficking organization.  Lam Ta subsequently pled guilty to one count of conspiracy to distribute MDMA (ecstasy) in violation of 21 U.S.C. § 846; one count of distribution of MDMA and methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); and six counts of distribution of MDMA in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  As a consequence of his guilty plea, Lam Ta faced a statutory mandatory minimum sentence of ten years' imprisonment.  See 21 U.S.C. § 841(a)(1)(A).

Lam Ta filed a motion seeking to limit the applicability of the statutory minimum sentence pursuant to the "safety valve provision," § 5C1.2 of the United States Sentencing Guidelines.  See 18 U.S.C. § 3553(f).  Under this provision, a district court may depart from the statutory mandatory minimum sentence when calculating a defendant's sentence if, among other things, the defendant establishes that he has "truthfully provided to the Government all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a common

2

scheme or plan."[1] Id. § 3553(f)(5). The government opposed Lam Ta's motion on the ground that he had failed to provide "all information" concerning his offense conduct. Specifically, the government contended that although Lam Ta had valuable information about his customers, he withheld such information throughout the proffer sessions, disclosing only customer names and details that he believed the investigators already knew.

At the sentencing hearing, the District Court initially indicated that it found the government's argument persuasive. The court went on, however, to give Lam Ta an opportunity to take the stand and "earn this safety valve protection" by disclosing any additional information he might have. (App. 34.) Despite this opportunity, Lam Ta did not provide any new information about his customers or the Lien Dam trafficking organization in general. He explained to the court that he had fully cooperated with the government, but was unable to provide them with the information they sought because he did not remember his customers' names due to the passage of time (approximately four years) and his drug use. At that time, the District Court asked Lam Ta's counsel whether he had done any medical or psychological testing to determine whether his client's drug use might affect his memory. Counsel stated that he had not. The court also asked whether the government might have been misinterpreting Lam Ta's conduct due to cultural differences. Counsel indicated that, while such factors could have been partially

---

[1] It is undisputed that Lam Ta met the first four requirements of the safety valve provision. See 18 U.S.C. § 3553(f)(1)-(4).

3

at play, "what [he] saw going on was Mr. Ta truly struggling to remember things." (App. 53.)

Following the hearing, the District Court denied Lam Ta's safety valve motion and imposed the mandatory minimum sentence. This appeal followed.

II.

We see no error in the District Court's determination that Lam Ta did not qualify for safety valve relief.[2] Lam Ta bore the burden of demonstrating by a preponderance of the evidence that he had been candid with investigators and had volunteered "all information" he had relating to his trafficking activities. See Sabir, 117 F.3d at 754; see also United States v. O'Dell, 247 F.3d 655, 675 (6th Cir. 2001). The District Court found that Lam Ta did not meet this burden because he withheld information it was reasonable to expect him to know. As the District Court explained:

> [I]t would appear from both the number of counts that Mr. Ta has been— was charged with, what he pled guilty to, the length of time of the transactions, the extent of them, in comparison even to the other Defendants in the case, Mr. Ta is not a small, insignificant character in this drama. And one would expect or one would have expected a little bit more fulsome array of information, or once reminded of something, a little more to come forward than simply an assent to one piece of information at a time.

(App. 60.) This finding was not clearly erroneous.

---

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's ultimate refusal to invoke the safety valve provisions, United States v. Wilson, 106 F.3d 1140, 1143 (3d Cir. 1997), but can reject the District Court's factual findings that Lam Ta did not provide the requisite information only if we conclude that those findings were clearly erroneous, United States v. Sabir, 117 F.3d 750, 752 (3d. Cir. 1997).

Furthermore, we disagree with Lam Ta's contention that the District Court relinquished its obligation to evaluate independently whether he met his burden, and instead deferred to the government's assessment of his truthfulness; the record reflects that the court conducted an independent assessment by reviewing the parties' sentencing memoranda, evaluating Lam Ta's credibility on the stand, hearing oral argument from counsel, and even inquiring into whether there were any extenuating circumstances that might explain Lam Ta's apparent lack of cooperation.

III.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.