NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-1994
_____

UNITED STATES OF AMERICA

v.

KYLE MICHAEL ISHMAEL,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-09-cr-00388-006 )
District Judge:  The Honorable Sylvia H. Rambo

Submitted Under Third Circuit L.A.R. 34.1(a)
January 10, 2012

BEFORE:  FUENTES, JORDAN, and NYGAARD, *Circuit Judges*

(Filed: March 20, 2012 )

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge*

Kyle Michael Ishmael appeals the sentence imposed by the District Court after he

pleaded guilty to distributing five or more grams of cocaine base, in violation of 21

U.S.C. § 841(a)(1). Ishmael contends that the District Court erred by denying him a safety valve reduction.

1.

As we write only for the parties, we briefly relate the facts underlying this appeal. On December 2, 2009, a grand jury issued a two-count indictment charging Ishmael and eight other individuals with distribution and conspiracy to distribute 50 grams of cocaine base in York County, Pennsylvania. Ishmael pleaded guilty to a superseding information that charged him with distribution of five grams or more of cocaine base.

Ishmael asked the District Court to sentence him without regard for the five-year statutory minimum sentence pursuant to the "safety valve" provisions of 18 U.S.C. § 3553(f). The District Court declined, finding Ishmael ineligible for relief because he failed to provide completely truthful information. Ishmael has appealed the District Court's refusal to apply the safety valve reductions. We will affirm.

2.

The safety valve provision "establish[es] that a defendant shall be sentenced pursuant to the sentencing guidelines without regard to any statutory minimum sentence in certain drug offense cases in the event that . . . five conditions are met." *United States v. Sabir*, 117 F.3d 750, 751 (3d Cir. 1997). These conditions are:

1. the defendant does not have more than 1 criminal history point, as determined under the Guidelines;
2. the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous

2

weapon (or induce another participant to do so) in connection with the offense;

3. the offense did not result in death or serious bodily injury to any person;

4. the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the Sentencing Guidelines and was not engaged in a continuing criminal enterprise, as defined in [21 U.S.C. § 848]; and,

5. not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or place, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this request.

18 U.S.C. § 3553(f).

This provision provides relief to individuals who played minor roles in drug trafficking conspiracies, and who lacked the detailed knowledge to qualify for "substantial assistance" sentence reductions under 18 U.S.C. § 3553(e). Such defendants bear the burden of demonstrating, by a preponderance of the evidence, that the safety valve provisions are applicable in his or her case. *Sabir*, 117 F.3d at 754. The application of these provisions "not only requires a defendant to admit the conduct charged, but [] also imposes an affirmative obligation on the defendant to volunteer any information aside from the conduct comprising the elements of the offense." *United States v. O'Dell*, 247 F.3d 655, 675 (6th Cir. 2001) (internal quotation marks and citation omitted). The safety valve provision, unlike others in the Guidelines, requires the defendants to reveal a broad scope of information about the relevant criminal conduct to

3

the authorities. *See Sabir*, 117 F.3d at 753. "These stringent requirements reflect the fact that the safety valve was intended to benefit only those defendants who truly cooperate." *O'Dell*, 247 F.3d at 675 (internal quotation marks and citation omitted).

We exercise plenary review over the District Court's refusal to apply the safety valve provision. *United States v. Wilson*, 106 F.3d 1140, 1143 (3d Cir. 1997). We can reject the District Court's factual finding that Ishmael did not provide the required information and evidence only if we conclude that those findings were clearly erroneous. *Sabir*, 117 F.3d at 752.

3.

Here, there is no dispute that Ishmael met the first four factors. At issue in this appeal is whether he satisfied the fifth factor by truthfully providing the Government with all the evidence he possessed "concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). The Government maintains that the District Court correctly determined that Ishmael did not fulfill his affirmative obligation and burden to demonstrate that he was completely candid in disclosing all information regarding his role or the role of his co-conspirators in the drug trafficking offense. Ishmael maintains he did disclose all relevant information at sentencing.

The record reveals more than sufficient evidence to support the District Court's conclusion that Ishmael failed to completely disclose all his knowledge of the offense. Indeed, Ishmael's own testimony thwarted his request for a safety valve reduction. His

4

failure to provide candid, verifiable information precluded the District Court's

application of the reduction. As the District Court noted:

> Notably, [Ishmael] claimed in his proffer and in his testimony that he sold crack cocaine to approximately fifteen individuals. These individuals would contact Defendant via telephone when they wanted a delivery of crack cocaine. Defendant testified that he knew these individuals because he previously sold marijuana to them. When questioned about their identities, Defendant could only recall three first names and an apparent nickname. Defendant was unable to provide any other identification or information regarding these individuals. Defendant was not aware whether these individuals were identified with any particular group or gang. Defendant had no recollection as to where these sales would occur, stating only that they would occur wherever [his customers] would call him to.
>
> The court finds it incredible that [Ishmael] could not recall any further information regarding these individuals and is somewhat confounded by his explanation or his inability to do so . . . . That [Ishmael] cannot remember any other information about these individuals and is unable to recall any location where he met them strikes the court as disingenuous and supports a finding the Defendant has not met his burden of showing full and complete truthfulness of the sort contemplated by 18 U.S.C. § 3553(f). Thus, on this point alone, the court would deny the application of the safety valve.

We can see no error in the District Court's determination that Ishmael's testimony

was not credible. Ishmael bore the burden of demonstrating by a preponderance of the

evidence that he had been candid with investigators and had volunteered "all

information" he had relating to his trafficking activities. *See Sabir*, 117 F.3d at 754. The

District Court's determination that he did not meet this burden because he withheld

5

information he would reasonably be expected to know was not an erroneous finding. This was not an erroneous finding.

4.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.