NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3584
_____

UNITED STATES OF AMERICA

v.

KINGSLEY IBEH,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-09- cr-00423-002
District Judge: The Honorable Berle M. Schiller

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 15, 2012

Before: SMITH, FISHER, and GARTH, *Circuit Judges*

(Filed: May 16, 2012)
_____

OPINION
_____

SMITH, *Circuit Judge.*

On the morning of his scheduled jury trial, Kingsley Ibeh entered a guilty

plea in the United States District Court for the Eastern District of Pennsylvania to

one count of conspiring to distribute 100 grams or more of heroin in violation of 21

U.S.C. § 846, and one count of possessing with the intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).[1] In accordance with Federal Rule of Criminal Procedure 11(b), the District Court addressed Ibeh personally and engaged in a thorough colloquy to determine that he understood the consequences of his guilty plea. At the conclusion of the proceeding, the District Court accepted Ibeh's guilty plea and found that it was knowing and voluntary.

Thereafter, the probation office prepared a presentence investigation report (PSR). The PSR computed an offense level of 26 and a criminal history category of I, yielding a sentencing guidelines range of 63 to 78 months. Prior to sentencing, Ibeh asserted that he was entitled to relief from the mandatory minimum of 60 months pursuant to the safety valve provision in 18 U.S.C. § 3553(f). The safety valve allows the court to impose a sentence "without regard to any statutory minimum sentence" if it "finds at sentencing" that the defendant satisfies five criteria, the last of which is that he "truthfully provided to the Government all information and evidence the defendant has concerning the

---

[1]  The District Court exercised jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

offense[.]"  18 U.S.C. § 3553(f)(5).[2]  The government submitted a sentencing memorandum disputing Ibeh's eligibility, arguing that he had failed to "truthfully provide[]" all information to the government.  At sentencing and after hearing argument from the parties as to whether Ibeh had truthfully provided all information to the government, the Court denied Ibeh's request for relief under § 3553(f).

The parties proceeded to present arguments regarding other sentencing factors.  At the conclusion of these arguments, the Court stated its intent to impose a sentence of 54 months and inquired whether there was any reason he should not impose that sentence.  The government reminded the Court of the mandatory minimum of 60 months.  The Court advised that the sentence would be 60 months.  Defense counsel suggested that a sentence of 54 months was an option under the safety valve provision, but the Court responded that Ibeh was not eligible.  This appeal followed.

Ibeh contends that the District Court erred by denying him relief under the safety valve provision in § 3553(f).  Whether an individual qualifies for relief

---

[2]  The other four criteria are that: (1) the defendant has no more than one criminal history point; (2) the "defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon"; (3) the "offense did not result in death or serious bodily injury"; and (4) the defendant was not an organizer, leader, manager or supervisor in the offense or did not engage in a continuing criminal

3

under § 3553(f) is a legal question subject to plenary review. *United States v. Wilson*, 106 F.3d 1140, 1143-44 (3d Cir. 1997). We review for clear error the factual findings underlying the District Court's determination of eligibility for relief under the safety valve. *United States v. Sabir*, 117 F.3d 750, 754 (3d Cir. 1997). Here, the determination that Ibeh is ineligible rests on the District Court's factual finding that Ibeh failed to show that he had "truthfully provided . . . all information and evidence" to the Government. In light of the record before us, we conclude that this finding was not clearly erroneous. The inconsistencies in Ibeh's statements to the government are patent and the information is less than complete. As a result, the evidence supports an inference that he was less than forthright in his conversations with the government, and thereby did not truthfully provide all the information about his offenses.

Ibeh seeks to file a pro se addendum to counsel's opening brief. That motion is denied. *United States v. Turner*, __ F.3d __, 2012 WL 1353697, *8 (3d Cir. 2012) ("hold[ing] that, except in cases governed by *Anders*, parties represented by counsel may not file pro se briefs"); 3d Cir. L.A. R. 31.3.

For the reasons stated above, we will affirm the judgment of the District Court.

---

enterprise. 18 U.S.C. §§ 3553(f)(1) – (4). The government did not contend that Ibeh failed to satisfy any of these factors.