**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2195
_____

UNITED STATES OF AMERICA

v.

ERIC PAUL EMMANUEL,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 10-cr-00043-2)
District Judge: Honorable William W. Caldwell
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 1, 2012

Before: FUENTES, FISHER, and GREENBERG, Circuit Judges

(Opinion Filed: October 18, 2012)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

Eric Paul Emmanuel appeals from his conviction at trial for distribution and

possession with intent to distribute 1,000 kilograms or more of marijuana, and of

conspiracy to commit that same crime. Emmanuel also appeals his sentence of 121

1

months in prison. Regarding his conviction, Emmanuel argues that the District Court erred in failing to sever his trial from that of his co-defendant, Stanley Narcisse. As to his sentence, Emmanuel argues that the District Court erred in refusing to apply the "safety valve" provision of the Sentencing Guidelines. For the reasons that follow, we will affirm both his conviction and his sentence.

## I.

Because we write primarily for the parties, who are well acquainted with this case, we recite only the facts essential to our disposition of this appeal. On January 31, 2010, Pennsylvania State Police Trooper Brian Livingston stopped Emmanuel on I-81 North in Dauphin County, Pennsylvania after a tractor trailer he was operating failed to stop for a truck weigh station. Co-defendant Stanley Narcisse was a passenger in the tractor, which was registered to Emmanuel. Livingston asked for and was given permission to search the tractor trailer.[1] The subsequent search of the trailer uncovered six wooden crates which contained approximately 6,500 pounds of marijuana.

On February 17, 2010, a grand jury returned a two-count indictment charging Emmanuel and Narcisse with (1) engaging in a conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 846, and (2) actual distribution and possession with intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1). The indictment alleged that the

---

[1] The legality of the stop and search of the tractor trailer was the subject of a suppression motion and a supplemental suppression motion. Following a hearing the District Court denied these motions, and its ruling has not been challenged in this appeal.

criminal activity charged began at an unknown time and continued through approximately January 31, 2010.

On August 25, 2010, the Government filed a notice seeking to introduce evidence of other crimes under Fed. R. Evid. 404(b). Specifically, the Government sought to introduce evidence that, on May 13, 2009, a tractor trailer operated by Narcisse had been stopped by law enforcement officials in Arizona and was found to contain approximately 1,000 pounds of marijuana. In its notice, the Government argued that "[e]vidence of the Arizona stop and seizure is within the scope of the charged conspiracy, and, as such, is admissible in a trial of the above-captioned case." App. 24. On September 1, 2010, the grand jury issued a superseding indictment against Emmanuel and Narcisse adding a new charge for interstate transportation of stolen property in violation of 18 U.S.C. § 2314. In addition, the superseding indictment alleged that the criminal activity charged began in approximately May 2009, and continued through approximately January 31, 2010. On November 1, 2010, Emmanuel filed a motion to sever trial, arguing that the introduction of evidence regarding the incident in Arizona involving Narcisse would "unduly prejudice him and compromise his right to a fair and impartial trial." App. 35. The motion was denied by the District Court in an Order dated November 4, 2010.

Days before trial, Emmanuel was offered a plea deal in return for his truthful and complete cooperation in the matter. To this end, he attended a proffer session with the Government, during which he stated, among other things, that he was not aware that there was 6,500 pounds of marijuana in the tractor trailer. Following the proffer session, the Government withdrew its plea offer.

3

During the trial, which commenced on November 10, 2010, evidence was introduced regarding the May 2009 stop and seizure in Arizona involving Narcisse. Evidence was also introduced that revealed that many of the documents produced by Emmanuel and Narcisse during the January 2010 stop and seizure in Pennsylvania – including the bill of lading and the drivers' logbooks – were fraudulent. On November 12, 2010, the jury returned a verdict finding Emmanuel guilty of distribution and possession with intent to distribute 1,000 kilograms or more of marijuana, and of conspiracy to commit that same crime, but acquitting him on the offense of interstate transportation of stolen property. Narcisse was convicted on all three counts.

At the sentencing hearing held on April 29, 2011, Emmanuel argued that he was entitled to a "safety valve" variance under 18 U.S.C. § 3553(f) based on his proffer session with the Government. The Government responded that the safety valve did not apply "because the statement that was provided by the defendant prior to trial was neither truthful nor complete . . . ." App. 422. After hearing testimony regarding the proffer session, the District Court determined that the safety valve variance was not applicable and sentenced Emmanuel to 121 months in prison.

## II.

## A.

Emmanuel argues that the District Court erred in denying his motion for severance. He claims that the admission at trial of evidence regarding the Arizona stop and seizure involving Narcisse allowed the jury to impermissibly conclude that Emmanuel had knowledge that marijuana was in the trailer he was operating in

4

Pennsylvania. Appellee argues that this evidence was admissible because the incident occurred within the time frame that was referenced in the superseding indictment and was part of the conspiracy charged.[2]

This Court reviews the denial of a pre-trial motion to sever for abuse of discretion. United States v. Hart, 273 F.3d 363, 369 (3d Cir. 2001). Even if a district court abuses its discretion in denying a motion to sever, the defendant must show "clear and substantial prejudice resulting in a manifestly unfair trial" to obtain a reversal. United States v. Console, 13 F.3d 641, 655 (3d Cir. 1993) (internal citation and emphasis omitted).

Under Fed. R. Crim. P. 8(b), two or more defendants may be charged in the same indictment if "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Generally, there is "a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). A district court may sever defendants for trial, however, if consolidation "appears to prejudice a defendant." Fed. R. Crim. P. 14(a).

The Supreme Court has stated that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. The "denial of severance is committed to

---

[2] The United States District Court for the Middle District of Pennsylvania had subject matter jurisdiction of this criminal case pursuant to 18 U.S.C § 3231. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

the sound discretion of the trial judge." United States v. Eufrasio, 935 F.2d 553, 568 (3d Cir. 1991) (citing United States v. Reicherter, 647 F.2d 397, 400 (3d Cir. 1981)).

Here, evidence of the incident in Arizona would likely have been admissible at Emmanuel's trial even if he had been tried separately. This is the case because Narcisse's prior criminal conduct was alleged to have been a part of Emmanuel and Narcisse's ongoing conspiracy to transport large quantities of marijuana across the country in tractor trailer trucks. Evidence of overt acts in furtherance of the conspiracy committed by one's co-conspirators is admissible evidence in one's own trial. Hart, 273 F.3d at 370. Thus, Emmanuel has failed to establish prejudice, and his claim based on the District Court's denial of his motion to sever must be rejected.

**B.**

Emmanuel also argues that he is entitled to a new sentencing hearing because the District Court erred in its application of U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f), the "safety valve" variance. A district court's factual conclusions regarding the safety valve factors are reviewed for clear error. United States v. Sabir, 117 F.3d 750, 752 (3d Cir. 1997).

The safety valve variance allows a court to impose a sentence without regard to any statutory minimum if it determines that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5). See U.S.S.G. § 5C1.2. A defendant bears the burden of establishing by a preponderance of the evidence that each of the safety valve criteria apply in his case. Sabir, 117 F.3d at 754. The only criterion at issue here is that listed in § 3553(f)(5), which states:

6

[N]ot later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553.

Emmanuel failed to establish by a preponderance of the evidence that prior to the time of trial he had truthfully provided to the government all information and evidence he had concerning the offenses. During the proffer session he told the Government that he was unaware that there were 6,500 pounds of marijuana in the tractor trailer that he was operating. However, his account was contrary to the Government's evidence and to the verdict returned by the jury. As the District Court stated,

They didn't believe you. And the evidence is pretty overwhelming. You and Mr. Narcisse were in this together. You know, it was your tractor. You can't have 6,500 pounds of marijuana in your trailer without knowing that the trailer was stolen. The logs were -- somebody was monkeying with the logs. I just don't think the safety valve is appropriate here at all.

App. 417-18. We find no clear error in this determination.

### III.

Accordingly, we will affirm the Order and Judgment of the District Court.