NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3352
_____

UNITED STATES OF AMERICA

v.

JUAN ISREAL GONZALES,
a/k/a John Israel Gonzales

JUAN ISRAEL GONZALES,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-10-CR-798)
District Judge:  Hon. Noel L. Hillman
_____

Submitted Under Third Circuit LAR 34.1(a)
December 17, 2012

BEFORE:  McKEE, *Chief Judge*, and SLOVITER and VANASKIE, *Circuit Judges*

(Opinion Filed: February 7, 2013)

_____

OPINION
_____

McKEE, *Chief Judge*.

Juan Israel Gonzales appeals the District Court's refusal to apply the safety-valve

provisions under 18 U.S.C. § 3553(f)(2); U.S.S.G. § 5C1.2(a)(2) as well as the

1

substantive reasonableness of the sentence imposed following his conviction for conspiracy to distribute methamphetamine. For the reasons that follow, we will affirm.

## I. FACTS AND PROCEDURAL HISTORY

As we write only for the parties who are familiar with the facts and procedural history of this case, we will set forth only those facts relevant to our conclusion.

Gonzales' sentencing hearing was adjourned to allow the Probation Department to further investigate the particulars of his arrest, as those details could impact eligibility for safety-valve relief. A46-56. Subsequently, the Probation Department revised the PSR and recommended denial of safety-valve relief. PSR at p. 29. When the sentencing hearing reconvened, the District Court found that Gonzales possessed two firearms in connection with conduct relevant to the conspiracy offense. That finding made him ineligible for the safety-valve. A57; 69-76; 82-86. However, the District Court granted a downward variance and imposed a sentence of 120 months — the statutory mandatory minimum sentence. A86; 98-104. The District Court further noted that it "would impose this sentence within [its] discretion, whether or not [it] found that the safety valve applied." A104. This appeal followed.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We review a district court's conclusions of law *de novo* and its factual findings for clear error. *E.g.*, *McCutcheon v. Am.'s Servicing Co.*, 560 F.3d 143, 147 (3d Cir. 2009). Whether the facts

2

found support denial of safety-valve relief is a question of law subject to plenary review. *United States v. Wilson*, 106 F.3d 1140, 1142-43 (3d Cir. 1997).

### III. DISCUSSION

Gonzales challenges his sentence on a number of grounds, including that the District Court erred in finding him ineligible for safety-valve relief and that the sentence should have varied further from the Guidelines range. However, the District Court has no authority to sentence Gonzales below the statutory mandatory minimum absent safety-valve eligibility. *United States v. Reevey*, 631 F.3d 110, 113 (3d Cir. 2010). Thus, the dispositive issue on appeal is whether the District Court erred by finding that Gonzales did not qualify for the safety-valve.

Gonzales's conviction carries a mandatory minimum sentence of 120 months. 21 U.S.C. § 841(b)(1)(A); § 846. However, if Gonzales can show by a preponderance of the evidence that the safety-valve provisions in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 apply to his case, the court may impose a sentence "pursuant to the sentencing guidelines without regard to any statutory minimum sentence." *United States v. Sabir*, 117 F.3d 750, 751 (3d Cir. 1997). To be eligible for safety-valve relief, a defendant must show, *inter alia*, that he "did not . . . possess a firearm or other dangerous weapon . . . in connection with the offense." 18 U.S.C. § 3553(f)(2); U.S.S.G. § 5C1.2(a)(2).

The Sentencing Guidelines define "offense" broadly to include the "offense of the conviction and *all relevant conduct*." U.S.S.G. § 5C1.2 cmt. n.3 (emphasis added). "[R]elevant conduct" includes "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of the conviction." *Id.* §

3

1B1.3(a)(1)(A), (a)(2). The commentary to the Guidelines further define "same course of conduct" as events or activities that are "significantly connected or related to each other so as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." *Id.* § 1B1.3 cmt. n. 9(B). This conduct need not be the subject of a formal charge or an element of the offense of conviction, nor must it occur contemporaneously with the offense conduct. *United States v. Rudolph*, 137 F.3d 173, 177 (3d Cir. 1998); *United States v. Kulick*, 629 F.3d 165, 171 (3d Cir. 2010). In determining whether two offenses constitute the same course of conduct, our case law requires consideration of three factors: "(1) the temporal proximity between the two offenses; (2) the similarity of the offenses; and (3) the regularity of the offenses." U.S.S.G. § 1B1.3 cmt. n.9; *Kulick*, 629 F.3d at 171 (3d Cir. 2010).

The District Court did not err in concluding that this three-part test was satisfied here. The illicit drugs found in Gonzales' residence involved the same type of illegal activity as the offense charged and was consistent with his activities during the six-year conspiracy. Thus, the post-conspiracy conduct bears a high degree of similarity to, and was part of the same regular and continuous pattern of conduct as, the charged offense. Thirteen months had elapsed between the charge in the information and the arrest during which the firearms were found, but that gap alone does not enable safety-valve eligibility. *See United States v. Wilson*, 106 F.3d 1140, 1144 (3d Cir. 1997) (citing *United States v. Richards*, 27 F.3d 465, 468-69 (10th Cir. 1994) (time gap of 17 months insufficient to trigger safety-valve relief)). Here, there is nothing to suggest a cessation of illegal conduct during this period. Moreover, when arrested, Gonzales was in possession of

4

illegal drugs for distribution. A69-71. Thus, it is irrelevant that the drugs and firearms were discovered only after the charged conspiracy ended. *See Rudolph*, 137 F.3d at 177; *Kulick*, 629 F.3d at 171.[1]

Moreover, the District Court stated that it would have imposed the same sentence even if Gonzales were eligible for safety-valve relief. Indeed, the court granted a significant downward variance after considering the circumstances of Gonzales's case. Thus, Gonzales has failed to establish either that the District Court erred as a matter of law by declining to apply the safety-valve provisions or that the resulting sentence was substantively unreasonable. *See United States v. Tomko*, 562 F.3d 558, 571-572 (3d Cir. 2009) (finding no abuse of discretion where district court granted downward variance after thorough consideration of § 3553 factors).

## IV. CONCLUSION

For the reasons we have explained, the judgment of the District Court will be affirmed.

---

[1] Gonzales further argues the District Court erred in finding that he had constructive possession of the firearms found in his residence. There is, however, ample evidence in the record to support this finding. In particular, the fact that the loaded hand gun was found under the mattress Gonzales slept on suggests that he knew of the weapon and was close enough to pick it up at any time. *See United States v. Lopez*, 271 F.3d 472, 487 (3d Cir. 2001). The proximity of those weapons to the drugs likewise demonstrates that the weapons were "in connection with the offense" such that preclusion of the safety-valve provisions was warranted.