NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3558
_____

UNITED STATES OF AMERICA

v.

MARQUETTA MITCHELL,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of  Pennsylvania
District Court  No. 2-11-cr-00116-004
District Judge: The Honorable Alan N. Bloch

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 9, 2013

Before: SMITH, ALDISERT, and SLOVITER, *Circuit Judges*

(Filed: September 13, 2013)
_____

OPINION
_____

SMITH, *Circuit Judge.*

Pursuant to a plea agreement, Marquetta Mitchell pleaded guilty to two

counts of violating 21 U.S.C. § 846 by attempting and conspiring to distribute and

to possess with the intent to distribute five kilograms of crack cocaine.  The plea

agreement contained a broad waiver of her right to appeal and to pursue collateral relief. Thereafter, the United States District Court for the Western District of Pennsylvania sentenced Mitchell to the mandatory minimum of 120 months' imprisonment.

Despite the appellate waiver, Mitchell filed a notice of appeal the same day that she was sentenced.[1] Mitchell does not assert that the appellate waiver was unknowing or involuntary. Nor does she argue that the issue she seeks to raise falls outside the scope of the appellate waiver to which she agreed. And she does not directly assert that enforcement of the appellate waiver would result in a miscarriage of justice. Rather, Mitchell contends that the appellate waiver "was void from its inception" because it violated public policy.[2] Appellant's Br. at 19. If Mitchell succeeds in having the appellate waiver set aside, she also argues that the District Court erred by finding that she failed to qualify for the safety-valve provision in 18 U.S.C. § 3553(f)(5) by not making a timely, complete, and truthful disclosure of all information and evidence concerning the offenses, which would have permitted the District Court to depart below the mandatory minimum sentence.[3]

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

[2] The determination of whether an appellate waiver is valid presents an issue of law subject to plenary review. *United States v. Khattak*, 273 F.3d 557, 560 (3d Cir. 2001).

[3] We review a District Court's factual finding under 18 U.S.C. § 3553(f)(5) for clear error. *United States v. Sabir*, 117 F.3d 750, 752 (3d Cir. 1997).

2

In *United States v. Khattak*, 273 F.3d 557, 560 (3d Cir. 2001), the defendant argued that his appellate waiver should be set aside as "contrary to public policy" because a defendant cannot ever knowingly or voluntarily waive his "right[] to appeal future errors." We rejected that argument and held that "waivers of appeals are generally permissible if entered into knowingly and voluntarily, unless they work a miscarriage of justice." *Id.* at 558.

Nonetheless, Mitchell argues that appellate waivers are contrary to public policy and should not be enforceable. She cites the ethical concerns that arise when defense counsel advises a client about waiving a claim of ineffective assistance or a prosecutor requires a waiver of the right to raise claims of ineffective assistance of counsel or prosecutorial misconduct. *See* Advisory Comm. of the Sup. Ct. of Mo., Formal Op. 126 (2009) (listing opinions). Indeed, we have recognized that ineffective assistance of counsel may be a basis for setting aside an appellate or collateral review waiver. *See United States v. Shedrick*, 493 F.3d 292, 298 & n.6 (3d Cir. 2007) (declaring that "[e]nforcing a collateral-attack waiver where constitutionally deficient lawyering prevented [a defendant] from understanding his plea or from filing a direct appeal as permitted by his plea agreement would result in a miscarriage of justice"); *see also United States v. Teeter*, 257 F.3d 14, 25 n.9 (1st Cir. 2001) (acknowledging that the miscarriage of justice concept is "infinitely variable, but, by way of illustration, we would include within it situations in which appellants claim . . . that the plea proceedings were

tainted by ineffective assistance of counsel").

We decline to adopt the blanket rule Mitchell advocates for several reasons. *See Khattak*, 273 F.3d at 562 ("declin[ing] to adopt a blanket rule prohibiting all review of certain otherwise valid waivers of appeals"). First, invalidating all appellate waivers because of the ethical concerns pointed out by Mitchell would "ignore[] that waivers of appeals may assist defendants in making favorable plea bargains" as they "provid[e] defendants a valuable bargaining chip in the plea process." *Id.* Second, a blanket rule invalidating appellate waivers would fail to account for the variance in the terms of appellate waivers and that some appellate waivers may not preclude a defendant from raising an ineffective assistance of counsel claim. *See id* at 562-63. Third, setting aside all appellate waivers based on these ethical concerns would turn a blind eye to our jurisprudence recognizing that a criminal defendant may thwart enforcement of an appellate waiver by showing that the ineffective assistance of counsel resulted in a miscarriage of justice. *See Shedrick*, 493 F.3d at 298 & n.6. Fourth, Mitchell's rule fails to appreciate that ineffective assistance of counsel claims generally are not reviewed on direct appeal. *See United States v. Thornton*, 327 F.3d 268, 271-72 (3d Cir. 2003) (citing *Massaro v. United States*, 538 U.S. 500 (2003)). Finally, the ethical concerns that arise from waiving a claim of ineffective assistance of counsel, as the Missouri ethics opinion notes, do not "prohibit a defense counsel and prosecutor from entering into a plea agreement that involves waiver of other post-conviction

4

rights," such as the right to appeal. Advisory Comm. of the Sup. Ct. of Mo., Formal Op. 126 (2009). Rather, we adhere to the case-by-case evaluation we embraced in *Khattak*, which requires determining the validity of each appellate waiver based on its terms and the circumstances in that case. *See* 273 F.3d at 563; *see also United States v. Goodson*, 544 F.3d 529, 535 (3d Cir. 2008) (instructing that the "language of a waiver, like the language of a contract, matters greatly").

After reviewing the record, we conclude that the sentencing issue Mitchell seeks to appeal, which does not allege the ineffective assistance of counsel, falls within the scope of the appellate waiver to which she knowingly and voluntarily agreed. In light of the circumstances of this case, enforcement of the appellate waiver would not work a miscarriage of justice. Accordingly, we will enforce the appellate waiver and will affirm the judgment of the District Court.