**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 19-3738

UNITED STATES OF AMERICA

v.

JUAN WILQUIN HERNANDEZ-BOURDIER,
Appellant

On Appeal from the
United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-16-cr-00222-002)
The Honorable Reggie B. Walton

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 9, 2021

Before: HARDIMAN, and MATEY, and SCIRICA *Circuit Judges*

(Opinion filed: November 22, 2021)

OPINION*

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

A jury found Juan Hernandez-Bourdier guilty of distributing several kilograms of heroin. He challenges that verdict, and the resulting sentence. Because sufficient evidence supports his convictions, and the District Court's legal rulings involved no error, we will affirm.

## I. BACKGROUND

Corporal Reed Grenci of the Pennsylvania State Police spotted a Honda Odyssey minivan with illegally tinted windows changing lanes without signaling. Knowing that heavily tinted vehicles generally, and Odysseys in particular, are often used to transport drugs, Grenci stopped the van. Approaching the vehicle, Grenci observed a single key in the ignition, which he knew indicates drug trafficking. When asked, the van's driver, Habys Meran, produced a New York driver's license, a detail Grenci believed corresponded to the common path of narcotics between Philadelphia and New York along the I-80 corridor.

Putting it all together, Grenci gave a "thumbs up" signal to his dash camera to indicate that he suspected the van contained drugs. When backup arrived twelve minutes later, Grenci obtained Meran's permission to search the vehicle. Recalling State Police officers previously seized two other Odysseys equipped with drug-concealing "traps," Grenci asked again for permission to search the van. Meran again agreed, and Grenci discovered a trap under the rear bumper.

Grenci detained Meran and Hernandez-Bourdier while the van was towed to the State Police barracks, where four kilograms of heroin were discovered inside the trap

2

device. A further search of the van turned up materials for packaging drugs, clothing fitting Hernandez-Bourdier, and a toothbrush with DNA consistent with Hernandez-Bourdier's. Hernandez-Bourdier was arrested and charged with possession with intent to distribute, and conspiracy to distribute, a Schedule I controlled substance under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and 846.

During the trial on those charges, the District Court allowed jurors to submit questions for the witnesses. One juror submitted a note that read, "my understanding is that you are guilty by association by being in the vehicle." (App. at 554, 741.) The District Court disregarded the question, and later instructed the jury that "mere association" is not enough to convict. The jury returned a guilty verdict on both charges. The District Court found that Hernandez-Bourdier did not qualify for "safety-valve" relief under 18 U.S.C. § 3553(f) because he had not truthfully shared all information at sentencing. Hernandez-Bourdier now appeals the sufficiency of the evidence supporting his convictions, the District Court's partial denial of his motion to suppress evidence, denial of his motion for judgment of acquittal, and denial of "safety-valve" relief.[1] Finding no error, we will affirm.

## II. DISCUSSION

### A.     The Traffic Stop did not Violate the Fourth Amendment

Hernandez-Bourdier argues that Grenci violated the Fourth Amendment by detouring from merely investigating traffic violations. A traffic stop allows reasonable

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

time to complete "tasks tied to the traffic infraction." *Rodriguez v. United States*, 575 U.S. 348, 354 (2015) (citation omitted). That includes inspecting the driver's license, checking the vehicle's registration and proof of insurance, and determining whether there are any outstanding warrants. *Id.* at 355. A stop "remains lawful only 'so long as [unrelated] inquiries do not measurably extend the duration of the stop.'" *Id.* (quoting *Arizona v. Johnson*, 555 U.S. 323, 333 (2009)) (alteration in original). But "an officer who develops a reasonable, articulable suspicion of criminal activity may expand the scope of an inquiry beyond the reason for the stop and detain the vehicle and its occupants for further investigation." *United States v. Givan*, 320 F.3d 452, 458 (3d Cir. 2003).

When he signaled "thumbs up," Grenci already had reason to suspect the presence of drugs inside the van. *See United States v. Green*, 897 F.3d 173, 179 (3d Cir. 2018) (holding that we must evaluate reasonable suspicion from the earliest moment it might be necessary). His observations,[2] combined with experience gained as a full-time member of the State Police drug interdiction unit, gave Grenci reasonable suspicion to extend the stop. *Cf. Givan*, 320 F.3d at 458–59 (finding reasonable suspicion to extend stop when officer observed that driver was speeding, operating a vehicle that belonged to a third party, traveling a route often used to transport drugs, and had unusual travel plans). For

---

[2] Including, among other things: 1) the dark tinted windows of the Honda Odyssey common on vehicles used to transport drugs; 2) the van did not belong to the driver, and was registered in Philadelphia; 3) the driver had a New York license; 4) both New York and Philadelphia are major source and consumption areas for drugs; 5) the van was traveling along a major drug corridor; 6) there was a single key in the ignition; and 7) officers recently stopped two Honda Odysseys equipped with traps.

4

that reason, the stop was lawful, and we will affirm the District Court's partial denial of Hernandez-Bourdier's motion to suppress the evidence it uncovered.

**B.     Sufficient Evidence Supports the Convictions**

Hernandez-Bourdier argues that "the convictions rested on [his] mere presence and association with a conspirator on a single occasion." (Opening Br. at 30.) But his convictions must stand if, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Here, the evidence at trial was sufficient for a reasonable jury to conclude that both charges were proven beyond a reasonable doubt.

The government relied on a theory of constructive possession, requiring proximity plus "'other proof' linking the defendant to the prohibited item . . . show[ing] dominion or control." *United States v. Foster*, 891 F.3d 93, 111 (3d Cir. 2018) (internal citation omitted). The government presented evidence that: 1) the seized heroin was wrapped in plastic wrap and coffee grounds; and 2) a backpack found in the van contained a toothbrush with DNA consistent with Hernandez-Bourdier's, medium underwear that would fit Hernandez-Bourdier, but not Meran, and a box of plastic wrap with black specks consistent with coffee grounds. Viewing this evidence in the light most favorable to the prosecution, reasonable jurors could have inferred that the backpack belonged to Hernandez-Bourdier and that the backpack's owner wrapped the heroin for transport with Meran. These inferences establish the proximity and "other proof" necessary to prove constructive possession, as well as conspiratorial agreement. Taken together, the

Government's evidence supports the convictions, and we will affirm the District Court's denial of his motion for a judgment of acquittal.

## C. There Was No Juror Bias

Hernandez-Bourdier also argues that the District Court violated his Fifth and Sixth Amendment rights to trial by an impartial jury by not investigating potential bias in the juror who submitted a note regarding guilt by association. Hernandez-Bourdier did not raise an objection at trial, so we review his claim for plain error. *United States v. Mitchell*, 690 F.3d 137, 145 (3d Cir. 2012). A trial court must presume juror bias when the court discovers evidence of juror misconduct, such as premature deliberations. *United States v. Resko*, 3 F.3d 684, 686 (3d Cir. 1993). But the juror's note here shows only a misunderstanding of the applicable legal standard at the beginning of the trial. It does not evidence juror misconduct, so it did not establish a presumption of bias.

Nor does the note evidence actual bias. It indicates neither that the juror formed the misunderstanding through improper deliberations, nor that the juror was unwilling to adopt a different understanding. And the District Court did plenty to correct the juror's misunderstanding of law by stressing in the jury instructions that mere presence in the vehicle was not enough to convict.[3]

---

[3] The instructions for the conspiracy charge explained that "you must also find the government proved beyond a reasonable doubt that Mr. Hernandez-Bourdier knowingly and intentionally joined that agreement or conspiracy," and evidence that he only "knew about the conspiracy or only kept bad company by associating with members of the conspiracy or was only present when it was discussed or when a crime was committed is not sufficient . . . ." (App. at 706–07.) Similarly, the District Court explained in its jury instruction on the possession charge that the government must prove either actual possession or that "the controlled substance was within Mr. Hernandez-Bourdier's

Because "it is well established that jurors are presumed to follow their instructions," *Gov't of the Virgin Islands v. Mills*, 821 F.3d 448, 463 (3d Cir. 2016), and the jury instructions directly corrected the juror's earlier misunderstanding, there is no plain error in the District Court's actions.

## D.     The District Court Properly Denied "Safety-Valve" Relief

Finally, Hernandez-Bourdier asserts that the District Court erred as a matter of law by finding that he failed to meet 18 U.S.C. § 3553(f)(5)'s criterion for "safety-valve" sentence reduction. We review the District Court's decision for clear error, *United States v. Sabir*, 117 F.3d 750, 752 (3d Cir. 1997) (citing *United States v. Wilson,* 106 F.3d 1140, 1142–43 (3d Cir. 1997)), and hold that no such error occurred.

Section 3553(f)(5) requires that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense." 18 U.S.C. § 3553 (2018). The District Court determined that Hernandez-Bourdier "had involvement with those drugs. Not just being a mule for the drugs, but also having been involved in the packaging of those drugs." (App. at 845.) Because Hernandez-Bourdier denied knowledge of the drugs, the District Court

---

control . . . that is, that Mr. Hernandez-Bourdier had the ability to take actual possession of the substance when Mr. Hernandez-Bourdier wanted to do so." (App. at 713–14.) The District Court added, "mere proximity to the controlled substance or mere presence on the property where it was located or mere association with the person who does control the controlled substance or the property is not alone enough to support a finding of possession." (App. at 714.) These instructions thoroughly dispelled the juror's misapprehension before the trial closed.

"unfortunately ha[d] to conclude that the fifth requirement of the safety valve provision has not been satisfied." (App. at 845.)

Hernandez-Bourdier construes that conclusion to mean that § 3553(f)(5) can never be satisfied when the defendant denies actual knowledge or involvement in a conspiracy. But the District Court only decided that § 3553(f)(5) was not satisfied in this case. And it found that Hernandez-Bourdier had actual knowledge of the drugs and failed to share that knowledge at sentencing. The District Court's conclusion was not clearly erroneous, so we affirm the sentence.

## IV. CONCLUSION

For these reasons, we will affirm the District Court's partial denial of Hernandez-Bourdier's motion to suppress, denial of his motion for judgment of acquittal, and sentence.